| 16 | 399 |
| 75 | 527 |
| 76 | 286 |
| 16 | 399 |
| 84 | 693 |
| 16 | 399 |
| 85 | 411 |
| 16 | 399 |
| 87 | 560 |
| 16 | 399 |
| 90 | 649 |

</div>

JAMES DENISON v. THOMAS M. LEAGUE.

In discussing the question of the correctness of the decision of the Court below, in arresting the judgment in this case, we are confined to the record of the plaintiff's petition, alone, as much so as if the petition were presented for adjudication, by a demurrer.   If the facts stated would have authorized the finding of the verdict, by the jury, the judgment ought to have been awarded on their finding. ·If, on the other hand, the petition has not, by its structure, laid the foundation for testimony, to have sustained the verdict, it was properly overruled.

A motion for the arrest of judgment is not tried by the evidence actually received, but by the law, applied to the record.   (In this case, it did not appear what evidence had been received.)

Relief is sometimes allowed, different from the relief specially prayed, under

the general prayer for relief; but the relief granted in such cases, must be consistent with the objects of the petition. Such different relief is never allowed, where it is calculated to surprise the other party; as *where it is inconsistent with the relief prayed, or where there is no obstacle in the way of the relief prayed for, and the plaintiff proposes to neglect and pass over the prayer he has made, and take another decree, even though it be according to the case made by his bill.

See this case as to vagueness of allegations in the petition, on a motion in arrest of judgment.

There is no rule, that has been so stringently enforced in this Court, as the rule, that the allegations must be broad enough to let in the proof; and that no evidence, not supported by the allegations, can sustain a verdict.

We have uniformly held, that all the parties in interest, to be affected in any way, be the decree or judgment sought to be obtained, if known, ought to be made parties, defendants or plaintiffs, in the suit.

Appeal from Galveston. Tried before the Hon. Joseph C. Megginson.

There was no statement of facts, nor bill of exceptions.

*Sherwood & Goddard*, for appellant.

*R. & A. M. Hughes*, for appellee.

LIPSCOMB, J. The appellant, who was plaintiff in the Court below, sets out in his petition, that, previous to the Declaration of Independence by Texas, Power & Hewitson had received from the sovereign authority of Coahuila and Texas, and also of the Supreme Government of Mexico, an Empresario grant of land, lying between the Lavaca and Nueces rivers, in the now State of Texas, and embracing about thirty leagues of land, lying in the counties of Calhoun, San Patricio and Refugio, and known and called as Hewitson & Power's colony; that the said Hewitson and Power complied with the conditions of the said Empresario grant, so as to entitle them to a conveyance of what were called indemnification and premium grants; and which said compliance with the said Empres-

Denison v. League.

ario grant actually vested the equitable and legal title in the said Power & Hewitson ; that afterwards and previous to the contract betwen said Power and petitioner, Power purchased out the interest of the said Hewitson, in the said lands, so that the fee of said lands became vested in the said Power, as appears by the said agreement hereinafter set forth. The petition then alleges, that the said Power and petitioner entered into an agreement, the substance of which is as follows : This agreement entered into on the 3rd day of January, 1845, by and between James Power of the one part, and James Denison, attorney at law, of the second party, witnesseth, that Denison, in his capacity as attorney at law, has undertaken to bring suit, and prosecute against the Republic of Texas, the claims of said Power, as Empresario, for the colonization of a certain coast colony, lying between the Lavaca and Nueces, commonly called Hewitson & Power's colony ; that Power claimed to have purchased the interest of said Hewitson in the said colony, and the said Power, for and in consideration of the legal services of said Denison, so to be rendered, promises and agrees to yield to the said Denison one undivided eighth part of all the lands to which the said Power, both in his own right and as purchaser of said Hewitson, may be decided to be entitled as Empresario of said colony, either as premium lands or as indemnification lands, the words indemnification lands being understood to refer to a grant of sixteen leagues of land made to said Hewitson & Power, to indemnify them, in case of a failure to comply with the original contract of colonization ; the contract not to refer to any lands purchased by Power of said Hewitson, except the premium lands and the indemnification lands ; that Denison is to receive from said Power legal titles and conveyances to one undivided eighth part of said land ; one league on the waters of the bayou or creek Media and Agua Seca, having been previously sold, is not included. It is alleged that petitioner commenced and carried on at great labor and expense, an examination into the

title of said lands, with a view to prosecution of suit or suits against the Republic of Texas, and with a view to a prosecution of suits against a large number of settlers on the said lands, and in such examination and collection of data and documents, spent from one to two years, for the purpose of substantiating Power's claim and right of possession, to the said lands. It is further alleged, that the agreement with Power impliedly extended to bringing suit against the settlers upon said land who held adversely to said Power; that such was the understanding between the parties; that petitioner's interest of one eighth part extended to all the lands so claimed by Power, whether obtained by suit, compromise or otherwise; that for the better securing success, petitioner had employed able counsel to assist him, and had promised and came under obligations to pay large fees, for which he expected to re-imburse himself from his share of the lands. Petitioner alleges, that for the purpose of better fortifying the title of the said Power, he had brought suit against the Republic of Texas, and, in the prosecution of said suit, had fortified the title of the said Power, and shown that equitable title was vested in Power, and the fee against the Republic and all persons claiming under the Republic; that plaintiff had, with the concurrence and assent of the said Power, commenced a large number of suits to recover possession from such settlers, and to prevent the running of the statute of limitations; that in the commencement and prosecution of said suits, he incurred great expense, in the employment of assistant counsel; that he was moved thereto by the prospective gain, to be derived from the contract; that afterwards, when the titles to the said lands had become fortified and established, with greater certainty by the labors of petitioner, and the lands more valuable by emigration, the said Power and the defendant, Thomas M. League, entered into the contract marked A, and made a part of plaintiff's petition. By this contract, Power conveyed all his lands to League, on certain trusts; the most important to

the consideration of this case is, that League is to bring suit for them in the United States Court ; is to employ counsel and to pay all expenses to be incurred ; that he is to pay one third of the expenses of previous litigation, which is liquidated at one thousand dollars for his share ; that he may sell portions of the said land, with the assent of Power ; that when all litigation is ended, League re-convey two thirds of all the land conveyed to him, to Power and those he (Power) represents.   It is further alleged, that up to the time of the contract between Power and League, and at that time he was ready and willing, and was still willing, to perform every part of the contract between petitioner and Power, and was ready and willing to continue to do so until prevented by the defendant, Thomas M. League.   The petition alleges, that, at the time the said contract was entered into between Power and League, the said League was fully apprised of the interest of the plaintiff in the said lands, that, with a full knowledge of all the facts, the said League had caused suits to be brought in his own name in the United States Court, for the said lands, and had employed other counsel and dismissed petitioner from all participation in the said suit.   It is alleged that the said lands are worth from one hundred to three hundred thousand dollars, and that petitioner's equitable interest therein is worth from ten to thirty thousand dollars, and would have yielded that amount, if his rights had not been interfered with by the said League.   The petitioner insists, that League, under his contract, became bound to pay the petitioner whatever might become due to him by that contract, and that he became the trustee to the petitioner for his interest in the said lands, and that League is bound, as trustee, to account to him in money and land for his one eighth part of the said land ; prays that League may be held as trustee ; prays that he be compelled to convey to petitioner one eighth part of the said land ; also that he be compelled to pay over to petitioner one eighth part of the proceeds of said land sold by him, or which he may here-

after sell or dispose of with the permission of this Hon. Court; that, on the establishment of his right to the one eighth part of the said land, by a decree of the Court, that said decree he held as a lien upon all of the said land, or so much and such parts as may be sufficient to secure petitioner's interest ; that if it should become necessary to file a supplemental petition, and for causes shown, that an injunction may issue, enjoining the said League from disposing of the said lands, so as to prejudice the rights of the petitioner's interest, or with a view of defeating the same ; and that in case the said League shall in any manner dispose of the said land to the prejudice of your petitioner's interest, he, the said League, may, on the filing of a supplemental petition in this case, setting forth these facts and establishing the same, be held personally accountable to petitioner for the full value of petitioner's interest. It is further alleged, that the said League, by dismissing the suits brought by petitioner, has allowed the statute of limitations to run, to the damage of the plaintiff, three thousand dollars, for which damage petitioner claims judgment personally against said League ; prays that if it should become necessary for the protection of his interest, a receiver be appointed to take the property into possession, and for general relief.

I have stated so much of the petition as I regarded as material in the discussion of this case.

After citation to appear and answer had been served upon the defendant, the record discloses, that the defendant, by leave of the Court, entered his appearance in the case, and filed his petition to the Court, stating that he was a citizen of the State of Maryland, and that the plaintiff was a citizen of Texas, and that the matter in controversy exceeded five hundred dollars ; praying to have the case transferred to the United States District Court, and offering to give bond and security, to have the transcript filed in the said District Court at its next Term, agreeably to the Act of Congress ; which petition was supported by an affidavit of its truth.

After this was filed, and before it was disposed of, the plaintiff asked for and obtained a judgment by default, for want of a plea. The defendant then, by his counsel, asked to set aside the judgment, on the ground that it had been taken after the petition for the transfer of the case to the U. S. District Court had been filed and not disposed of. The Court overruled the motion, and refused the petition for the transfer of the case to United States District Court. At a subsequent time, the case was put to a jury, and verdict for twelve thousand dollars was returned. There was a motion to set aside the verdict, and one in arrest of judgment, entered. The first was overruled and the second sustained, with leave to the plaintiff to amend, which he declined. The judgment was then entered as arrested, from which the plaintiff appealed.

In discussing the question of the correctness of the decision of the Court below, in arresting the judgment, in this case, we are confined to the record of the plaintiff's petition alone, as much so as if that petition was presented for adjudication, by a demurrer. If the facts stated would have authorized the finding of the verdict, by the jury, the judgment ought to have been awarded on their finding. If, on the other hand, the petition has not, by its structure, laid the foundation for testimony to have sustained the verdict, it was properly overruled. A motion in arrest of judgment is not tried by the evidence actually received, but by the law, applied to the record.

The whole frame of the petition seems to have been limited to two objects, the one acting *in rem* and claiming a share of the land under the contract between petitioner and Power, for which he claims the one eighth, and seeks to have it decreed to him from League, the vendee from Power. The second is compensation in damages for his share of the land alleged to have been lost by the running of the statute of limitations in favor of those settlers against whom the petitioner had instituted suits, which suits were afterwards dismissed by League, the defendant, and for this he claims damages to the amount

of three thousand dollars and prays judgment for the same personally against League, the defendant in the action ; and if the verdict of the jury is rested upon this prayer, and this branch of the petition, it certainly could not form the basis of a judgment for that amount, because it exceeds the amount claimed fourfold. We will pass this branch of the case, and return to it again, and inquire whether the verdict could be sustained, if it had only been for the amount claimed by the petitioner.

The first part of the petition sets up no claim for compensation in damages, but it claims a specific performance of a contract for the one eighth of certain lands, under a contract with Power ; and he avers performance on his part, until prevented by League, the vendee of Power ; and, take the facts stated as true, a *cy pres* performance was made out. The object is to recover the land ; and he seeks a conveyance from League, because he charges League with notice of his contract with Power, at the time and before he, League, received the conveyance of the fee from Power. He makes no pretence of charging damages for the value of these lands, only in the event which is to be set up by a supplemental petition, and if the facts are true, there would be no more obstacle in his procuring a decree, on this part of his petition, *in rem*, for the specific land sued for, than there would have been, in sustaining a claim for damages. And to permit him, after so framing his petition, to claim damages, contrary to the specific relief prayed, under his general prayer for relief, would operate as a surprise to the other party ; as no one would believe, from the structure of this part of the petition, that damages would be the object sought. And damages would not be consistent with the facts stated in the petition, for a specific conveyance. Relief is sometimes allowed, different from the relief prayed, under the general prayer for relief ; but the relief granted in such cases, must be consistent with the objects of the petition. And such different relief is never allowed, where it was calcu-

lated to surprise. the other party. In Daniel's Chancery prac-
tice, in treating of the form of the relief prayed, it is said :
" This part of the bill, therefore, should contain an 'accurate
" specification of the matters to be decreed ; and in complicat-
" ed cases, the framing requires great care and attention, for,
" although when the prayer does not extend to embrace all the
" relief to which the plaintiff, at the hearing, may show a right,
" the deficient relief may be supplied under the general prayer;
" yet, such relief must be consistent with that specifically
" prayed, as well as with the case made by the bill ; for the
" Court will not suffer a defendant to be taken by surprise,
" and permit a plaintiff to neglect and pass over the prayer he
" has made, and take another decree, even though it be accord-
" ing to the case made by his bill." (1 Daniel's Practice, by
Perkins, 435.) And where there is no objection to the parti-
cular relief prayed for, the plaintiff cannot abandon that, and
ask a different decree, under the general prayer. (Allen v.
Coffman, 1 Bibb, 469 ; Pillow v. Pillow, 5 Yerger, 420.) For
the opinion of Lord Hardwick and Lord Eldon, on this subject,
see Daniel's Practice, 1 Vol. pp. 436, 437. It would therefore
follow, that in this case, there being no obstacle to the parti-
cular relief prayed for, and since it would operate as a surprise
on the defendant to allow him to abandon it, and ask another
relief under his general prayer, it would have been error to
have granted the relief, by way of damages.

But if the petitioner had asked compensation by way of
damages, it may be well questioned, under the vague and un-
certain description of the land, as lying in the counties of Cal-
houn, San Patricio and Refugio, whether any evidence could
have been received to prove the value of any land so vaguely
described.

The second part of the petition is subject to the same objec-
tion ; where the plaintiff alleges, that he had brought a large
number of suits against the settlers, which suits had been dis-
missed by the defendant, and thereby the statute of limitations

had barred a recovery, to the damage of the plaintiff, of three thousand dollars, for which amount he prayed a judgment against the defendant personally. How would it have been possible to have met this averment with evidence to contradict and negative its truth? And what latitude of proof would be required to have permitted the plaintiff to have either proved the value of such lands, or that suit had been brought, and dismissed? or, at what time the occupant had gone into possession? No names of parties have been given, nor the Courts in which the alleged suits were brought, and afterwards dismissed, to the plaintiff's damage.

There is no rule that has been so stringently enforced in this Court, as the rule, that the allegata must be broad enough to let in the proof, and that no evidence, not supported by the allegata, can sustain a verdict. This rule has been always considered as essential to our system of jurisprudence, and giving harmony to the system. It was commented on and enforced in the case of Mims v. Mitchell, (1 Tex. R. 443,) and in Hall & Jones v. Jackson, and in fact by a train of decisions, without ever having been relaxed in a single instance. The whole petition is so indefinite, that it would be difficult to sustain a decree in favor of the plaintiff, on any part of it.

There is one more objection to the petition, that, to my mind, is well taken; that is, to a want of proper parties. We have uniformly held, that all the parties in interest, to be affected in any way by the decree or judgment sought to be obtained, if known, ought to be made parties, defendants or plaintiffs, in the suit; and in the case of Hall, Ex'r v. Holland and others, decided at the present Term, the question of proper parties to a suit was discussed, and the conflict of authority on the distinction between those who might be, and those who were necessary parties, was noticed; and we came to the conclusion, that, subject to some exceptions, all who had an interest, and who could in any way be affected by the judgment or decree, were necessary parties. And in that case we af-

firmed the decision of the Court, sustaining a demurrer to the petition for the want of proper parties, as the petition showed that the fact of those parties being interested was shown by the petition. I am fully aware, that on this subject the rule has not been very uniform in other Courts; but from an early day, we have acted upon the policy of deciding the interests and rights of all parties in the subject matter of litigation in one suit, and leaving as little room as possible for a multiplicity of actions. The petition, in this case, shows that Power had an interest in the matter in litigation; it refers to what was the understanding of the plaintiff and Power, on the construction of the contract between them; it alleges that the plaintiff had fullfilled his engagements with Power; it asks to restrain the defendant League from executing and carrying out the contract made between Power and League; on all of these questions, Power's rights may have been seriously affected, and he might have been driven to an action against the plaintiff, all of which could have been settled in one suit, by making him a party. It is in vain to allege that he was not interested, and to contend that League alone was sought to be affected, for his agency in procuring the violation of the contract between Power and plaintiff. Such a conclusion is repugnant to the objects of the petition, and to its prayer. The plaintiff made the contract between Power and League, the defendant, a part of his petition; and this contract disclosed that Hewitson was a mortgagee of a part of the land in controversy, and he should also have been made a party to a suit seeking a decree vesting title in a portion of the land in the plaintiff. It further disclosed the fact, that the heirs of Walker were interested in the same lands. Their interests are disclosed by the petition, and leaving them out did not occur from ignorance. I believe, therefore, that the petition was defective in substance, for want of parties, and could not sustain a judgment or decree in favor of the plaintiff.

On the grounds noticed the judgment is affirmed.

The above Opinion was delivered at the January Term, 1854, and on the application of the counsel for the plaintiff in error, a re-hearing was granted. At the last Term the case was submitted on briefs. We have, on due consideration, been unable to find that our judgment can be different from what it was on the first hearing. We therefore adhere to the opinion then expressed, and again affirm the judgment.

Judgment affirmed.

WHEELER, J., gave no opinion in this case.