## JAMES MACHON V. G. H. RANDLE.

### (Case No. 5582)

1. ARREST OF JUDGMENT—PRACTICE—A motion in arrest of judgment, based upon an alleged defect in the petition, should be overruled, if the petition would be sufficient on demurrer.
2. CHARGE—A charge to the jury which confines them to consideration of one kind of evidence is erroneous, if evidence of a different kind, but relative to the same point, is adduced. See opinion.

ERROR from McLennan. Tried below before the Hon. B. W. Rimes. This was an action of trespass to try title. The answer of defendant, James Machon, contained a general exception, general denial, and plea of "not guilty." The trial resulted in a verdict and judgment for plaintiff. Motions for new trial and in arrest of judgment were overruled. Farm lot eighteen of the city of Waco was immediately west of Eighth street, and between that street and farm lot twenty. These were two of four farm lots owned by George Barnard. In 1867 he sold two acres on the east end of lot twenty to T. C. Richey, and in 1870 he sold three acres of the same lot, and adjacent to the purchase of Richey, to S. E. McLennan. The plaintiff, Randle, owned a lot in the northeast corner of the McLennan purchase; the defendant, Machon, owned a lot in the northwest corner of the Richey purchase. The location of the dividing line was the issue between them.

*Anderson, Flint & Anderson,* for plaintiff in error, cited; R. S., art. 4789.

*Jones & Kendall* and *A. M. Jackson, Jr.,* for defendant in error, cited: R. S., art. 4793, 4794.

STAYTON, ASSOCIATE JUSTICE.—This is, for all practical purposes and in form, save the indorsement, an action of trespass to try title, in which the petition gives such description of the lot sought to be recovered as identifies it by its location in relation to other property. The description given is more specific than that given in many cases in which the description has been held sufficient. On demurrer, the description would be held sufficient.

The defenses filed were a general demurrer and the plea of "not guilty," and the first of these was not even called to the attention of the court below; but after a trial before a jury, on which it appeared, from the evidence, that the real question between the parties was one of boundary, a paper styled a motion in arrest of judgment was filed, seeking to raise the question of the sufficiency of the description of the

property sought to be recovered by the plaintiff as the petition gave it. The purpose of such a pleading is to present to a court after trial such matters as before trial might have been presented by demurrer. Denison v. League, 16 Tex., 405. It calls in question the sufficiency of the averments of the pleading to entitle the party to the relief which he seeks, and the petition being good on demurrer, the motion in arrest of judgment was properly overruled. If the defendant deemed it necessary to have presented with more precision than the pleadings did the issue which was raised by the evidence, and to have described with particularity the strip of land really in controversy, he should have done so by his pleadings, and not have tendered simply the general issue. It is no doubt true that originally in establishing the true locality of the property in controversy by course and distance from Eighth street, the true locality of the western line of that street would have been an important fact to establish, and that the width of that street might have an important bearing on that question.

If that line of Eighth street originally ran ten feet and two inches west of the line which is now recognized as the true line, then by course and distance from that street, from the evidence, the strip of land in controversy would not be a part of the lot which belongs to the plaintiff, but if the line now recognized be the true one, then it is a part of the plaintiff's lot. In view of the fact that there was a controversy as to the true western line of Eighth street, growing out of a controversy as to whether that street had been narrowed since property fronting on it was sold calling for it as a boundary, the court instructed the jury, in effect, that no subsequent change or alteration in the streets or plat of the town could change the rights of the parties.

A charge was asked by the defendant which embraced this same proposition, but it further gave a controlling influence in determining the true boundary of the property in controversy which did not front on Eighth street, to the width of that street, and to course and distance from it, when there was other evidence in the case from which the jury would have been authorized to find that the strip of ground in controversy was a part of the lot claimed by the plaintiff, even if the western line of Eighth street ran where it was claimed to run by the defendant.

To have given the charge requested would have been to instruct the jury that they were at liberty to disregard all other evidence in the case tending to fix the true boundary between the lots of the parties, and to look to course and distance from the true western line of Eighth street as the controlling means for the determination of the line between their lots. This would have been erroneous. There was evidence tending to show that Barnard, under whom both parties claim,

fixed the outer boundaries of the farm lots then owned by him, of which that in controversy is a part of one of four, which the jury might look to for the purpose of showing the true boundaries of the lots in controversy, as well as to determine what points Barnard recognized as on the western line of Eighth street at the time he made the deed through which the defendant claims.

: There was also evidence tending to show that a line had originally been run and marked showing where the lots fronting on Eighth street terminated. There was also evidence from which the jury might have found that McLennan, through whom the plaintiff claims, and Richey or Slauter, through whom defendant claims, may have fixed, by agreement, a line between their lots at the place where the plaintiff claims it to be.

There was no error committed by the court below in giving, or refusing to give, instructions, and there was evidence upon which men earnestly seeking for truth might come to different conclusions as to the true line between the lots of the parties. There is no error in the proceedings had in the court below, and its judgment must be affirmed. It is so ordered.

AFFIRMED.

[Opinion delivered May 21, 1886.]