### Sol Maier et al. v. The State of Texas.

### No. 143.

1. **Sufficient Petition to Recover Penalty of a Liquor Dealer's Bond.**—When the petition sets out the bond, and the purpose for which it was executed, states that license was issued, and its date, and charges the violation of its conditions by the selling or giving malt liquor to a minor by an employe of the defendant, whereby the defendant became liable to the State, for the use of the county, in the statutory penalty of $500, it is good against a motion in arrest of judgment.

2. **Liability of the Licensee.**— The fact that the beer was given to the minor in the absence of the defendant by one of his employes, and against his express commands, is not a defense. It is not necessary that it should be shown that the sale was knowingly made, and the language of the bond, "will not sell or permit to be sold," involves the idea of agency, and the law looks to the responsible party, the licensee, who has been permitted to carry on the business.

3. **Selling or Giving Beer.**—It seems well settled that the word "beer," in its ordinary sense, denotes a beverage which is intoxicating, and is within the fair meaning of the words "strong or spirituous liquors," used in statutes regulating sales. If it is to be understood to denote root beer, molasses beer, or persimmon beer, etc., the defendant must show that such was the case.

Appeal from Anderson. Tried below before Hon. F. A. Williams.

*Burnett & Gardner*, for appellants.— 1. A breach of the bond sued on, being an essential part of the cause of action, should have been alleged, and its omission can not be cured by verdict. The court ought to have sustained the motion to arrest the judgment. Holman v. Chriswell, 13 Texas, 42; Whitaker v. Record, 25 Texas Supp., 382; Denison v. League, 16 Texas, 405.

2. The court erred in holding that proof that beer was sold or given to the alleged minor by said employe was sufficient proof that spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, were sold or given to said minor. Webster's Dict., "Beer;" Hansberg v. People, 120 Ill., 21; Lathrop v. State, 50 Ind., 555; Klare v. The State, 43 Ind., 435.

3. The judgment is erroneous and unsupported by the evidence, because the conclusions of fact show that the beer drank by the alleged minor was not sold or given to him by the principal in the bond or by his employe, but was given to said minor by another person not an employe of said principal, and without the principal's permission or knowledge. Ward v. The State, 45 Ark., 351; Seigel v. People, 106 Ill., 89; People v. Neumann, 48 N. W. Rep., 290; The State v. Scoggins, 12 S. E. Rep., 907.

*A. G. Greenwood*, for appellee.—1. Beer is a malt liquor, capable of producing intoxication, and the court will take judicial notice of that

fact.  " Judicial Notice," Am. and Eng. Encycl. of Law, 167, and note 3; Webster's Dic., " Malt Liquor;" The State v. Gazette, 11 R. I., 592; Watson v. The State, 55 Ala., 158; The State v. Issidre, 30 Kans., 482; The State v. Volmer, 6 Kans., 371; The State v. Lemp, 16 Mo., 389; Ran v. The People, 3 N. Y., 277; Commissioners v. Taylor, 21 N. Y., 173; Nevin v. Laden, 3 Denio, 437; The People v. Wheelock, 3 Park Crim. Cases, 9; The State v. Giersch, 98 N. C., 720.

2.  In the absence of evidence to the contrary, beer will always be presumed to be an intoxicating liquor.    Watson v. The State, 55 Ala., 158; Myers v. The State, 93 Ind., 251; The State v. Jenkins, 32 Kans., 477; Ran v. The People, 63 N. Y., 477.

3.  A sale or gift of malt liquor to a minor by an agent in charge of a saloon or house kept for the sale of spirituous or malt liquors, whether known to or authorized by the principal, is a breach of the principal's bond, and the facts in this case show that malt liquor was either sold or given to Rob Rodgers, a minor, by Albert Maier, who was then and there the agent and employe of Sol Maier, and in Sol Maier's place of business. 2 Willson's C. C., sec. 265; 3 Am. and Eng. Encycl. of Law, 258.

GARRETT, CHIEF JUSTICE —This is a suit, in the name of the State of Texas, on a liquor dealer's bond, to recover the penalty for a breach of the conditions of the bond, that the liquor dealer would not permit to be sold in his place of business malt liquor to any person under the age of twenty-one years.

The petition set out the bond, which is dated March 6, 1891, and is conditioned in the terms of the statute.    It was alleged that the defendant executed the bond for the purpose of procuring a retail license to sell spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in quantities less than a quart, in the city of Palestine and county of Anderson; and that the license was issued on the 7th day of March, A. D. 1891.

The breach of the bond was alleged as follows:  " Plaintiff would further show, that notwithstanding the bond and obligation of the said Sol Maier and his sureties as aforesaid, that heretofore, to-wit, on or about the —— day of ———, 1891, in violation of the bond and obligation of said Sol Maier to the State of Texas, one Albert Maier, who was then and there the agent and employe of Sol Maier, was then and there acting as such, did sell or give, or permit to be given, to Rob Rodgers spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, the said Rob Rodgers then and there being a minor under the age of twenty-one years, in violation of the said bond to the State as aforesaid; whereby the said defendants have become liable to the State of Texas, for the use and benefit of the county of Anderson, in the penal sum of $500, for which sum the State here sues."

Trial was had without a jury, and judgment was rendered in favor of the State of Texas, for the use and benefit of the county of Anderson, against the defendants, Sol Maier, as principal, and A. A. Stevens and J. F. Pells, as sureties, for the sum of $500, the penalty sued for.  Defendants filed motions in arrest of judgment and for a new trial, which were overruled by the court.

The facts are, as found by the court below, as follows:  "That after giving the bond set out in the petition, defendant Maier kept a saloon in Palestine, Anderson County, Texas, for the sale of alcoholic, vinous, and malt liquors, and medicated bitters capable of producing intoxication. That on the —— day of September, 1891, his clerk and bartender, Albert Maier, sold or gave to Rob Rodgers, a minor under the age of twenty-one years, a glass of beer, the kind of which is not shown except as it may be inferred.  The facts are, that the minor entered the saloon in company with several persons, one of whom, an adult, ordered beer for them all, whereupon the bartender placed upon the bar a glass of beer for each of the party.   While the glass put out for the minor was still on the bar, his father, who had seen him go into the saloon, entered and called to the clerk not to let his son drink the beer, stating that he was a minor. The clerk did not hear at first what was said, and advanced to where the father was standing, leaving the minor at the other end of the bar, and asked the father what he said, upon which the latter repeated his statement.  To this the clerk replied, that he could not help it; that the other gentlemen ordered the beer.   The evidence conflicts as whether the clerk could have then prevented the minor from drinking the beer, and I hold it to be immaterial whether he could or not.   The minor, not seeing his father, drank the beer.   The bartender refused to take pay for the beer which the minor drank.   Defendant Maier was not present, and did not know of the transaction.  He had instructed the clerk not to sell liquor to minors, nor allow them about the saloon.   From the conduct of the parties at the time, and other facts stated, I conclude that the beer was malt liquor, capable of producing intoxication."

1.   The purpose of a motion in arrest of judgment is to present to a court after trial such matters as before trial might have been presented by demurrer.   Machon v. Randle, 66 Texas, 282.   The allegation in the petition, that the agent and employe of Sol Maier, acting as such, sold the liquor, is sufficient to show a breach of the bond in that respect.   The bond was set out in full in the petition, and it was alleged that it was executed for the purpose of procuring a license to sell liquors in the city of Palestine, in the county of Anderson; it was also alleged, that the license was issued, and that in violation of the bond and obligation, the sale was made as alleged.   It sufficiently appears from the allegations stated above, that the defendant Sol Maier had executed a bond and had

obtained license to do business as a liquor dealer in the city of Palestine, in the county of Anderson, and in the course of such business had sold the liquor in violation of the conditions of the bond. The allegation as to date necessarily showed that it was after the execution of the bond, and was at least good on general demurrer. There was no error in overruling the motion in arrest of judgment.

2. It is contended by counsel for appellants, that because the defendant Sol Maier was not present and did not know of the transaction, and had instructed his clerk not to sell liquors to minors, a breach was not shown of the condition of the bond, that he would not permit liquors to be sold to a minor. When the defendant undertook that he would not permit liquors to be sold to minors in his house or place of business, he obligated himself that liquors should not be so sold; not that he would not knowingly permit them to be sold, but that he would prohibit or prevent its being done. The intent of the defendant to violate the condition of the bond is not to be considered in construing it. By the condition he must not permit nor allow liquors to be sold to a minor in his place of business. He must so conduct his business as to prevent it. If this were a prosecution for a violation of the Penal Code, it would be necessary to show that the sale was knowingly made; but there is no such restriction in the law prescribing the conditions of a liquor dealer's bond, which is required by the civil statutes as a restriction on the right of a person to sell liquors, and to prevent the evils arising therefrom. McGuire v. Glass, 15 S. W. Rep., 127; O'Flinn v. The State, 5 So. Rep., 390.

In construing the obligation sued on in this case, no such meaning will be given the word " permit " as is attached to it in Harris v. The State, 5 Texas, 15, which was a prosecution upon an indictment under the gambling act, for permitting a faro bank to be kept and exhibited in the defendant's house. In that case the court held, that by a fair construction of the language of the law, a knowledge of the forbidden fact was a constituent ingredient of the offense; yet there are many offenses for which the principal is criminally liable for the acts of his agent. The case before us is a civil action on a bond which was voluntarily entered into by the defendant, and does not involve the idea of intent that generally enters into acts which are done in violation of a penal statute, and for which there is a criminal prosecution.

3. Proof that the liquor was sold or given by an agent or employe of the defendant to the minor Rob Rodgers was sufficient to show a breach of the bond by the defendant himself, other necessary facts having been shown. The language of the condition of the bond is, that the licensee " will not sell or permit to be sold," which of itself involves the idea of agency. Sayles' Civ. Stats., art. 3226a, sec. 4. Many of the authorities which are apparently against this position arise from criminal prosecutions, or from the particular language of the statute.

The American and English Encyclopedia of Law (volume 11, page 718) collates quite a number of authorities, from which it states the rule to be, that " a sale of liquor to a minor by an agent, clerk, or bartender of the owner of a saloon or drug store, is a sale by the owner, for which he is liable when it was made in the regular course of the master's lawful business, although the sale was made without his knowledge, and in violation of his bona fide instructions to such agent, clerk, or bartender. For a well considered discussion of the question, and a review of the law applicable to the subject, we refer to the case of State v. Kittelle (North Carolina Supreme Court), 15 Southeastern Reporter, 103, in which it was said, that " the law looks to the responsible party, the licensee, who has been permitted to carry on the calling, and who is responsible for its proper exercise."

4. Under the facts found by the court, we are of the opinion that there was, if not a sale, at least a giving of the beer to the minor. A glass of beer was set out on the bar for him, and he drank it. The fact that the bartender refused pay for it, after his attention was called to the matter by the father of the boy, can make no difference. People v. Neumann, 48 N. W. Rep., 290; The State v. Best, 12 S. E. Rep., 907. The case of Seigle v. People, cited by appellant, is discussed in the case of People v. Neumann, supra, and while the court rests its decision on the difference between the Illinois statute, which is like ours, and that of Michigan, which goes further and uses the word " furnish " in defining the offense of giving, selling, or furnishing liquor to a minor, the learned judge who delivered the opinion expressed himself as not satisfied with the reasoning of the case. We think the facts in this case bring it clearly within the conditions of the bond. The liquor, upon the order of the adult, was set out upon the bar for the minor, and the minor drank it.

5. The proof was that the bartender sold or gave the minor a glass of beer, and it is contended that this is not sufficient proof that he sold or gave him any spirituous, vinous, or malt liquor, or medicated bitters capable of producing intoxication. We are of the opinion that the limitation, " capable of producing intoxication," applies only to " medicated bitters." Is, then, proof of the sale or gift of " beer " proof of the sale or gift of " malt liquors?" But it seems to be well settled that the word " beer," in its ordinary sense, denotes a beverage which is intoxicating, and is within the fair meaning of the words " strong or spirituous liquors," used in statutes regulating the sale of such liquors. 11 Am. and Eng. Encycl. of Law, 579; and a number of authorities there cited pro and con.

"Beer" is defined to be " a fermented liquor made from any malted grain, with hops and other bitter flavoring matters;" also, as a fermented extract of the roots and other parts of various plants, as spruce, ginger, sassafras, etc. Webster's Dic. Its primary signification is, that it is a malt liquor; and if it is to be understood in a restricted or qualified sense,

·such as to denote *root* beer, *molasses* beer, or *persimmon* beer, etc., it would be incumbent upon the defendant to show that such is the case. There have been a great many decisions upon the subject, some of them evincing much learning; and in Briffit v. The State, 16 Northwestern Reporter, 39, there will be found a reference to some of them to sustain the view, that the court will take judicial notice that the word "beer," when used in court by a witness, means a malt and an intoxicating liquor. It would have been competent for the defendant to have shown that the glass of beer sold or given to the minor was not malt liquor; but having failed to do so, the presumption is that it was such, because it is commonly understood to be such, and words are generally to be understood in their plain, ordinary, and popular sense.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered February 16, 1893.

Justice WILLIAMS did not sit in this case.