### JULIA F. HALSELL v. T. J. BELCHER.

#### No. 294.

**Arrest of Judgment—Grounds for Special Demurrer not Available.**—Where in trespass to try title the issue is really one of boundary, after a verdict for plaintiff a motion in arrest of judgment, upon objections to the sufficiency of the description of the land in plaintiff's petition, such as should have been taken by general demurrer, is not tenable.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

*Soward & Martin*, for appellant.

*R. D. Welborn* and *A. K. Swan*, for appellee.

TARLTON, CHIEF JUSTICE.—Inasmuch as this suit involves a question of boundary, we heretofore disposed of the appeal on oral opinion, as we deemed it proper to affirm the judgment.

In argument for the motion for rehearing, appellant urges that our views conflict with the opinion in Jones v. Andrews, 72 Texas, 5, and in Reed v. Cavett, 1 Texas Civil Appeals, 154, the latter case having been decided by the Court of Civil Appeals of the Third District.

This appeal is in form an action of trespass to try title. In the petition

the land is thus described: "Beginning at the northeast corner of section number 26 of the Washington County Railroad lands; thence west with the north line of said sections 26 and 25, 8444 varas to the northwest corner of section 25 of the Washington County Railroad lands; thence south with the west line of said section number 25, 207 varas; thence east 8444 varas to the east boundary line of said section 26; thence north with the east boundary line of said section 26, 207 varas, to the place of beginning, containing 309⅓ acres; said land being a part of sections numbers 26 and 25 of the Washington County Railroad lands."

The defendant pleaded (1) not guilty, and (2) in reconvention, claiming title to sections numbers 23 and 24 of the Washington County Railroad lands, which she described by metes and bounds. To this plea in reconvention plaintiff pleaded not guilty.

The plaintiff and defendant filed an agreement, wherein it was admitted that plaintiff is the owner of sections 25 and 26 of the Washington County Railroad lands situate in Clay County, and that the defendant is the owner of sections 23 and 24 of said lands; and it was agreed that if the land described in the plaintiff's petition in this cause, or any part thereof, is a part of sections numbers 25 and 26, then the plaintiff is entitled to recover; and that if the land sued for, or any part of it, is a part of sections numbers 23 and 24 of the Washington County Railroad lands, then the defendant is entitled to recover. The jury returned a verdict as follows: "We, the jury, find for the plaintiff, T. J. Belcher, the land in controversy." The judgment of the court follows the verdict, and awards the land to the plaintiff as it is described in the petition.

Surveys 23 and 24, owned by defendant, lie side by side, and are north, respectively, of surveys 26 and 25, owned by plaintiff, lying also side by side. The question really in issue was one of boundary, and depended upon the true location of the line running east and west, and dividing these surveys thus situated. The record shows that this question was submitted to the jury under proper instructions, and was solved in favor of the plaintiff. After the case had been thus tried, and on its merits won by the plaintiff, the defendant filed motion in arrest of judgment. In this motion complaint is made that the petition fails to sufficiently describe the land sued for, so that the same can be identified; that the verdict and judgment do not so describe the land as to advise the defendant of what land she is called upon to surrender; and that the petition, verdict, and judgment do not describe any land that the defendant has ever claimed or possessed.

In Machon v. Randle, 66 Texas, 282, the following language is used: "After a trial before a jury, on which it appeared from the evidence that the real question between the parties was one of boundary, a paper styled a motion in arrest of judgment was filed, seeking to raise the question of the sufficiency of the description of the property sought to be recovered

by the plaintiff as the petition gave it. The purpose of such a pleading is to present to a court after trial such matters as before trial might have been presented by demurrer. Denison v. League, 16 Texas, 405. It calls in question the sufficiency of the averments of the pleading to entitle the party to the relief which he seeks, and the petition being good on demurrer, the motion in arrest of judgment was properly overruled. If the defendant deemed it necessary to have presented with more precision than the pleadings did the issue which was raised by the evidence, and to have described with particularity the strip of land really in controversy, he should have done so by his pleadings, and not have tendered simply the general issue."

In this connection attention is also called to the cases of Stephen's v. Motl, 81 Texas, 115; Goldman v. Douglass, 81 Texas, 648; and Longshore v. Converse, 81 Texas, 275. It does not appear in the cases of Jones v. Andrews and Reed v. Cavett, supra, that the party complaining sought to avail himself of the alleged defect by motion in arrest of judgment. We do not think that such a motion can be made to perform the function which appellant seeks to have it here fulfil. Denison v. League, 16 Texas, 405, cited in Machon v. Randle, supra.

We are constrained to overrule the motion.

*Motion overruled.*

Delivered February 14, 1894.