

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

VILL WILSON
rORNEY GENERAL

August 17, 1962

Honorable R. E. Swift
County Attorney
Anderson County
Palestine, Texas

Dear Mr. Swift:

Opinion No. WW-1418

Re: Does Article 13a, Section 1
of the Charter of Palestine,
Texas, prohibit the sale of
beer outside the area as
zoned by said Section of the
Charter?

You have asked us for an opinion on the following question:

"Does Article 13a, Section 1 of the Char-
ter of Palestine, Texas prohibit the sale of
beer outside the area as zoned by said Sec-
tion of the Charter?"

In order for us to answer this question you submitted the fol-
lowing facts:

The City of Palestine on April 7, 1962, by local option elec-
tion legalized the sale of all alcoholic beverages for off-premise
consumption only.

We have been furnished a certified copy of the Charter of the
City of Palestine, Article 13a, Section 1 of which provides as fol-
lows:

"It shall be unlawful to locate, maintain,
or conduct any place where spiritous, vinous
or malt liquors or medicated bitters capable
of producing intoxication are sold at retail
within the corporate limits of the City of
Palestine, Texas, as they are now, or as they
may hereafter be established, except on the
following streets, to-wit:  Spring Street be-
tween Tennessee Avenue and Houston Street;
Main Street, between Tennessee Avenue and
where it intersects with Avenue A; Oak Street,
between Tennessee Avenue and where it inter-
sects with Avenue A; Sycamore Street, between
the International and Great Northern Railroad
and where it intersects with Spring Street;
Avenue A, and that portion of Church Street
between its intersection with Avenue A and
its intersection with Lacy Street."

The City Charter of the City of Palestine is a legislative act of the legislature of the State of Texas, and the section above quoted is an amendment adopted by the 31st Legislature and approved by the then Governor, T. M. Campbell, in 1910. The certified copy furnished this office by the City Secretary reveals that the above section is still carried as a part of the Charter.

Although Article 667-10½ V.P.C., as presently codified, grants cities the power to regulate the sale of "beer as defined in the Texas Liquor Control Act" by charter or ordinance, it does not affect the charter provision at hand because the charter at hand does not deal with "beer" as such, nor does it deal with "any malt beverage containing cne-half of one percent or more of alcohol by volume nor more than four percent of alcohol by weight", (the latter being "beer" as defined in the Texas Liquor Control Act). It is, therefore, necessary to consider whether beer is included within the term "spiritous, vinous or malt liquors or medicated bitters capable of producing intoxication" as used in the charter. In answering this question we must look not only to the charter itself but to the various subsequent Texas Liquor Control Acts as well. Stanford v. Butler, 181 S.W.2d 269, 142 Tex 692, 153 ALR 1054; 82 CJS Sec. 360 (p. 787).

That beer is not included within the terms spiritous or vinous liquors or medicated bitters capable of producing intoxication is too apparent to merit discussion. If the sale of beer outside the designated area is prohibited by the above charter provision it must be by virtue of beer being included within the term "malt liquor". Undoubtedly, at the time the charter provision was adopted by the legislature, "beer" was included within the term "malt liquors." Maier v. State, 21 S.W. 974, (Civ.App. 1893); Figuera v. State, 159 S.W. 1188, (Tex. Crim. 1913); Claunch v. State, 199 S.W. 483 (Tex. Crim. 1917); Tolar v. State, 260 S.W. 1043 (Tex. Crim. 1924); Eubank v. State, 286 S.W.234 (Tex. Crim. 1926); Scott v. State, 145 S.W.2d 272 (Tex. Crim. 1929).

In this connection, however, it should be pointed out that the above cases were decided prior to the passage of the first Texas Liquor Control Act and did not refer to the charter provision at hand. The primary question before us is whether the effect of the various Texas Liquor Control Acts cited below was to amend or partially repeal the above quoted special charter.

In 1933, the legislature defined beer as "beer containing one-half (½) of one per cent (1%) or more of alcohol by volume and not more than three and two tenths percentum (3.2%) of alcohol by weight. (Acts 43rd Legislature, Regular Session, Chapter 116, Sec. 1(d) page 288.)

In 1935 the legislature defined beer as "any malt beverage containing one-half (½) of one per cent (1%) or more of alcohol by volume and not more than four percentum (4%) of alcohol by weight." (Acts 44th Legislature, Second Called Session, Chapter 467, Article II, Section 1(c).)

The 1935 Act does not define "malt liquor" but it does define "liquor" as "any alcoholic beverage containing alcohol in excess of four per cent (4%) by weight . . ." (Acts 44th Legislature, supra, Article I, Section 3a, page 1796), and this definition of "liquor" has been carried forward to the present Texas Liquor Control Act.

The first legislative definition of "malt liquor" in Texas is found in the 1949 amendment to the Texas Liquor Control Act where it is defined as "a malt beverage containing more than four percentum (4%) of alcohol by weight." (Acts 41st Legislature, Regular Session, Chapter 543, Section 1(13), page 1013; presently codified as Article 666-3a(L3), V.P.C.)

Article II, Sec. 1 of the 1935 Texas Liquor Control Act, (44th Legislature, Second Called Session, Chapter 467, H. B. No. 77) provides in part:

>"Unless otherwise herein specifically
>provided by the terms of this Act, the manu-
>facture, sale and distribution of beer, as
>hereinafter defined, shall be governed ex-
>clusively by the provisions of Article II
>of this Act, . . ." (Emphasis added)

This provision has been carried forward virtually unchanged to the present Texas Liquor Control Act. (Art. 667-2 V.P.C.)

We must presume that the subsequent statutes were enacted by the legislature with full knowledge of the existing law including the charter provision at hand. Freels v. Walker, _____ Tex._____ 26 S.W.2d 627 (1930); McBride v. Clayton, _____ Tex._____, 166 S.W.2d 125 (1942). They must be construed in conjunction with each other and should be construed so that they operate in harmony. Freels v. Walker, supra; McBride v. Clayton, supra.

In accordance with the above principle and in order to give effect to all the legislative acts we hold that the effect of the various legislative acts subsequent to the charter provision at hand was to eliminate "beer" as defined therein from the category of "malt liquor". This resulted, in effect, in an amendment of the charter and it does not prohibit the sale of "beer" (i.e. any malt beverage containing one-half (½) of one per cent (1%) or

more of alcohol by volume and not more than four per cent (4%) of alcohol by weight) outside the designated area.

### S U M M A R Y

Article 13a, Section 1 of the Charter of the City of Palestine has been amended by Art. 667-1(b) V.P.C. and does not prohibit the sale of "beer" as defined in Article 667-1(b), outside the area described in the said charter provision.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Sam R. Wilson
Sam R. Wilson
Assistant

SRW:rk

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jonn Reeves
Marvin Thomas
Charles Lind

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore