STATE *vs.* SAMUEL PEO.

*Selling Intoxicating Liquors to Minors—Construction of Section 14, Chapter 418, Vol. 14, Laws of Delaware as amended.*

If a minor and an adult go together to a liquor saloon and the adult orders and pays for lager beer, which is subsequently drunk both by the adult and the minor, and it was sold by the bartender or proprietor to the adult in good faith, without intending to evade the law, then the proprietor of said hotel cannot be convicted under *Sec. 14, Chap. 418, Volume 14, Laws of Delaware*, of selling intoxicating liquor to a minor. But if the jury are satisfied from all the facts and circumstances of the case, that the sale was made by the proprietor, his agent or servant, directly or indirectly to the minor, or to the minor and the adult, and not to the adult alone, or if they believe from the evidence that the proprietor knew or ought to have known from the circumstances that the person purchasing the beer was used simply as a screen to conceal the participation of the minor in the purchase, then they should find a verdict of guilty.

(*February 10, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*R. C. White*, Attorney General, and *Peter L. Cooper, Jr.*, Deputy Attorney General, for the State.

*Austin Harrington* and *Robert G. Harman* for the defendant.

Court of General Sessions, New Castle County, February Term, 1899.

The defendant was indicted at this term for selling intoxicating liquor to a minor. The evidence and the questions of law raised thereupon sufficiently appear in the charge of the court.

BOYCE, J., charging the jury :

Gentlemen of the jury :—Samuel Peo, the defendant in this case, being duly licensed to sell intoxicating liquors, has been indicted for the violation of that part of *Section 14, Chapter 418, Volume 14, Laws of Delaware, as amended, page 414, Revised Code, (1893)*, which reads : ''It shall be unlawful for any person licensed to sell liquor, as herein provided, * * * to sell or

give away any liquor at any time to a minor, insane person, habitual drunkard, or any person at the time intoxicated."

It is claimed by the prosecution that, on the night of the 26th of January last, Thomas Kavanaugh, taking with him Annie Connor and Lillie Houghton, both of whom are minors, under the age of twenty-one years, went into the dining room of the defendant, he being the proprietor of the Washington Hotel, in this city, and leaving the girls, went to the bar and ordered and paid for three glasses of beer, and took the same into the dining room where he had left the girls; that each of these persons drank a glass of beer; that in a few moments thereafter Kavanaugh rapped upon the table and a second order was made by him for beer which was brought and placed before him and the two girls, and paid for by him; that each of them again drank a glass of beer.

It is not denied by the defence that if the sale had been made to either of the minor girls, the defendant would be subject to prosecution under the act, although he might have been mistaken in their ages.

It will be observed that the words of the statute relative to minors, insane persons, etc., are restricted to, " sell or give away " only.

There is but one count in the indictment and it is charged therein that the defendant did "unlawfully sell intoxicating liquor." We are asked to say to you that "when a minor and an adult go together to a liquor saloon, and the adult orders and pays for the whole, the sale is to the adult and the dealer cannot be indicted for selling to a minor."

This prayer calls for an interpretation of the word "sell" in the statute; and it being a penal statute, we must construe it strictly and according to its language. We must look to the words employed to gather the intention of the legislature. A penal statute will not be extended by implication or construction to cases which may be within the mischief which the statute was designed to cure, if they are not at the same time within the limits of the act fairly and reasonably interpreted. Hence an act not expressly prohibited by such a statute cannot be reached

by it, merely because it resembles the offences provided against, or may be equally and in the same way demoralizing or injurious. *Black on Inter. of Laws, 287.*

"A sale is the transfer of a property in a thing sold for a price in money." *Tiffany on Sales.* It is "a contract for the transfer of property from one person to another for a valuable consideration," *2 Kent Com., 468.* To "sell" a thing is to part with the ownership thereof to the buyer for a compensation.

The word "sell" is used in the most ordinary transactions of life, and it has a well defined meaning. We must assume that the legislature employed it with its usual signification and legal import.

In the case of *Siegel vs. The People (106, Ill. 86)*, being similar to the one at bar in all respects, the court said : "the word 'sell' has a well known legal signification, and in the absence of anything to the contrary appearing in the statute we must assume that it is here intended to have that signification. There is nothing exceptional in a sale that distinguishes it from other contracts, as respects the concurrence or coming together of the minds of the parties."

"We cannot extend the terms of a criminal act beyond its clear legal meaning. We cannot construe the word 'sell' in such a statute to mean something different from its ordinary legal import, and we can, therefore, only understand a prohibition against persons selling to minors to extend to those who, in legal estimation, occupy the position, and are under all the obligations of contractors with minors. The prohibition against selling is only as to the excepted class, and no liability of a criminal nature is imposed upon the vendor on account of the motives with which the vendor shall purchase, or the uses to which he shall apply the same." We think the conclusion reached by the Illinois court is correct.

The case of *People vs. Newmann, (85 Mich. 98)* was cited to us by the counsel for the state. But the Michigan statute is broader and more comprehensive in the language employed than in our statute. It punishes for the "furnishing" of liquor to

a minor.    We do not feel that we can apply the reasoning of the
Michigan case to our statute without doing violence to the most
elementary rules of construction with reference to penal statutes.

In our statute it is simply " *sell or give away* liquor at any
time to a minor."    We may note that the statute makes it an
offence " to sell, give away or *dispense* any liquor on the Lord's
day, commonly called Sunday" or " on the day of any general,
special or municipal election."    The omission of the word
" dispense " in the clause relative to minors, etc., seems to have
been by legislative design and the fact that a word of broader
signification should have been thus omitted is quite significant,
and it has the effect to confine us in our interpretation of the
word " sell " to its common and approved usuage.

And we must consider the word " sell " as used in the
statute in its ordinary meaning and signification whether in doing
so the spirit of the statute as applicable to this case may be
defeated or not.

Basing our judgment upon sound and well established
principles of law with the respect to the interpretation of criminal
statutes, we think it infinitely safer for the rights of citizens,
and, therefore, less dangerous to the public good that, in
determining the real scope and extent of a penal statute in legal
contemplation, the court should not by subtle reasoning or
strained construction, invade the domain of legislative authority,
and undertake by judicial interpretation to enlarge the meaning
of the words thereof beyond their natural import and legal
signification, or attempt to read into it words which it does not
contain, in order to reach a kindred mischief to the one which
the statute clearly makes an offence, although the mischief which
is sought to be reached may appear to fall within the spirit of
the act.

In the language of Chief Justice Marshall ( *U. S. vs. Witt-
berger, 5 Wheat. 96*), " It would be dangerous, indeed, to carry
the principle that a case which is within the reason or mischief
of a statute, is within its provision so far as to punish a crime
not enumerated in the statute because it is of equal atrocity, or
of kindred character, with those which are enumerated."

It is for the legislature to define crime and to provide for its punishment. It is not the province of the court to bring acts within the scope of the punishment of the law simply because it may be thought that such acts fall within the spirit of the law.

The legislature is now in session, and doubtless it would be an easy matter to have the statute, so far as it relates to minors, etc., so amended as that the mischief complained of would clearly fall within the terms thereof. And public policy demands that the correction of the law should be left for the legislature rather than that the court should attempt to cure the defect therein by an unwarranted interpretation thereof.

If you are satisfied from all the testimony in the case that the beer was sold to Kavanaugh by Peo in good faith, if it was sold at all, and without intending to evade the law, and was not sold to the minor girls, or either of them, then your verdict should be " not guilty."

In order to determine to whom the sale was made by Peo, if you believe any sale was made at all, you should consider all the facts and circumstances of the case ; and if you are satisfied beyond a reasonable doubt that the sale of the beer, or any part of it, was made by Peo, his agent or servant, directly or indirectly, to the minor girls, or either of them, or to the girls and Kavanaugh, and not to Kavanaugh alone ; or again adopting the Illinois case, if you find from the evidence that Peo knew or ought to have known from the circumstances that the person purchasing the beer was used simply as a screen to conceal the participation of the minors in the purchase, then your verdict should be " guilty."

Verdict, " Not guilty."