## STATE vs. ELEANOR HANDY.

POISONS—STATUTORY REGULATIONS—"DISPOSE OF."

*Rev. Code* 1915, § 3595, declaring it an offense to sell or in any way "dispose of" morphine, etc., includes furnishing without sale.

(*November* 18, 1918.)

RICE, J., sitting.

*David J. Reinhart*, Attorney-General, for the State.

*Leonard E. Wales* for the accused.

Court of General Sessions, New Castle County, November Term, 1918.

INDICTMENT No. 50, November Term, 1918.

Eleanor Handy was indicted and tried for violating the *Drug Act, Rev. Code* 1915, § 3595. Verdict not guilty. See *State v. Rothman*, 7 *Boyce*—105 *Atl.* 427.

The count in the indictment relied on by the Attorney-General charged:

"That Eleanor Handy * * * unlawfully did dispose of by furnishing to one Jesse Redden a compound of morphine, commonly called heroin, the said Jesse Redden not being a licensed physician, or the said disposition to the said Jesse Redden not being on the authority of a certificate of a duly licensed physician. * * * "

The State introduced evidence to show that while the accused was standing on the sidewalk outside a poolroom waiting for F., Redden came up and gave her two quarters with which to get some heroin, telling her that he was going to treat her; that she obtained the heroin and returned with it, after which she, Redden and F. went to a room where Redden spread the heroin on a card and both he and she used some of it, by snuffing it up the nose.

It was also shown that heroin is a compound of morphine.

Counsel for the accused moved that the court instruct the jury to return a verdict of not guilty, on the ground that the language of the statute, "sell, or in any way dispose of" did not comprehend or include the language of the indictment, "dispose of by furnishing."

RICE, J:—The question is solely whether the language of the statute is sufficiently general to include the word "furnish." I think that the language of the statute "in any way dispose of" is sufficiently comprehensive to include the word "furnish," and that to "in any way dispose of" means to "furnish" in any way, and means more than to dispose of by sale. The motion is refused.

The accused was the only witness in defense. Her testimony did not differ materially from that introduced by the State.

The court was requested to charge the jury:

That the Act of March seventeenth, 1913, as originally passed, and as later embodied in the present Code and by its adoption re-enacted in its entirety, is "An Act Regulating the Sale of Certain Drugs and Poisons," and must be so construed. It prohibits the selling, dispensing and furnishing of the drugs, therein mentioned, or any of their compounds, but does not prohibit the use of same by any one, nor does it prohibit the keeping or having same in one's possession.

"A penal statute will not be extended by implication or construction to cases which may be within the mischief which the statute was designed to cure, if they are not at the same time within the limits of the act fairly and reasonably interpreted. Hence an act not expressly prohibited by such a statute cannot be reached by it, merely because it resembles the offenses provided against, or may be equally and in the same way demoralizing or injurious." *State v. Peo*, 1 *Pennewill*, 525, 42 *Atl.* 622.

If the jury believe from the testimony that the accused was not a dealer or trafficker, within the contemplation of the statute and that she did not furnish heroin or dispose of it by selling or furnishing, to Jesse Redden, as a dealer or trafficker therein, their verdict should be "not guilty."

If the jury believe that the heroin was purchased by the accused, at the request of Jesse Redden, for their mutual use, or as a treat, with money supplied by Redden for such purpose, the accused did not dispose of by sale, or furnish, the heroin to Redden within the meaning and contemplation of the statute and is entitled to an acquittal.

RICE, J., charged the jury in part:

\* \* \* The real question seems to be whether the accused "did dispose of by furnishing" to Jesse Redden, heroin, a compound of morphine. The indictment charges that the accused "did dispose of by furnishing." The words of the statute are "or in any way dispose of to any person." You may readily see that the words are very general ones, and that the language of the indictment "dispose of by furnishing" might well come within the meaning of the language of the statute "or in any way dispose of to any person." The question for you to determine is whether, under the facts in this case, the accused did in any way dispose of heroin, a compound of morphine, to the prosecuting witness, Jesse Redden. \* \* \* \*

Verdict, not guilty.

POISONS—STATUTORY REGULATIONS—"DISPOSE OF."