PEOPLE *v.* PERICINO.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS.

In a prosecution for illegal possession and transportation of intoxicating liquors, where defendant admitted facts which would have justified the trial court in instructing the jury that it was their duty to convict him, there was no error in an instruction that, from the testimony, the jury should have no difficulty in arriving at the question of his guilt.

2. INTOXICATING LIQUORS—ILLEGAL POSSESSION AND TRANSPORTATION.

One engaged to drive a truck to a certain place who continues on his journey after discovering that it contains intoxicating liquors, is guilty of illegal possession and transportation of same, although he was ignorant of the contents when he started.

3. SAME—PASSENGER HAVING NO CONNECTION WITH TRANSPORTATION NOT GUILTY.

One who accepted an invitation of the driver of a truck containing intoxicating liquors to ride a few blocks in the direction of his home is not guilty of illegal possession and transportation, although he may have discovered the nature of the contents of the truck, in the absence of any evidence that he was in any wise connected with the acts charged in the information.

4. CRIMINAL LAW—OFFERING OFFICER A BRIBE NO PRESUMPTION OF GUILT.

An offer of a bribe by accused to the arresting officer to permit him to escape does not raise a presumption of law that accused is guilty, but is only a matter from which the jury are permitted to infer a fact when taken in connection with other evidence tending to establish guilt.

5. SAME—EVIDENCE—SUFFICIENCY.

Where the only evidence against defendant charged with illegal possession and transportation of intoxicating liquors was the testimony of the arresting officer that defendant

said something about fixing it up, the trial court was in error in submitting the case to the jury.

Error to recorder's court of Detroit; Faust (John M.), J. Submitted April 18, 1924. (Docket No. 135.) Decided June 2, 1924.

Angelo Pericino and Isaac Cohen were convicted of violating the liquor law, and sentenced to imprisonment for 1 year in the Detroit house of correction. Affirmed as to defendant Pericino, and reversed as to defendant Cohen.

*Edward N. Barnard* (*Edmund E. Shepherd*, of counsel), for appellants.

*Andrew B. Dougherty*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *W. McKay Skillman*, Assistant Prosecuting Attorney, for the people.

BIRD, J. Defendants were convicted in the recorder's court for the city of Detroit for having in their possession and transporting a certain quantity of intoxicating liquor. Defendants were apprehended at the corner of Josephine avenue and Brush street by police officers. Pericino was driving a truck which contained 85 gallons of white whisky. At the trial defendant Pericino testified in his own behalf. The substance of his testimony was that he was employed for a consideration of $15 to drive the truck from the intersection of Boston boulevard and Brush street to the intersection of Brush street and Holbrook avenue. He claimed to have been ignorant of what his cargo consisted when he started, but admitted that soon after he discovered that it contained liquor. He further testified that defendant Cohen had no connection with the transportation, that he overtook him on the way and invited him to ride, and he had not ridden more than four or five blocks when they

were arrested.    Both defendants were convicted and sentenced to the Detroit house of correction.

Complaint is made of the following excerpt from the charge:

"On the other hand, if you have no such reasonable doubt, as I have defined it to you, as to the defendant or defendants' guilt in this case, then it would be your duty as jurors to bring in a verdict as to such defendant or defendants of which you have no such reasonable doubt as to their guilt, a verdict of guilty as charged, in this information.    I will state that you should have no difficulty in arriving at that question as to one of the defendants, from the testimony on this point, because he has practically admitted that he was violating the State prohibition law, in that he was importing, transporting and had in his possession, eighty-five gallons of whisky at the time of the arrest."

Counsel argues that this instruction in effect advised the jury how to determine a question of fact, and indicated to them what the mind of the court was on the question.

1. As to defendant Pericino this instruction was not error.    Pericino testified to facts which made him guilty of a violation of the statute.    He admitted he was in charge of the truck and continued to drive it after he discovered that his load was whisky.    He admitted he had possession of it.    Under these circumstances, it would have been proper for the trial court to instruct the jury that it was their duty to convict Pericino if they believed his testimony. *People* v. *Neumann,* 85 Mich. 98.    This being the situation, it was of no importance that the trial court intimated to the jury what its mind was as to Pericino's guilt.

2. As to defendant Cohen we think the trial court was in error.    Cohen did not testify.    Pericino's testimony shows that he knew Cohen, that he was going in the direction of his home, and invited him to

ride; that Cohen accepted and rode five blocks when they were arrested. He further testified that Cohen had nothing to do with the truck, nor with the liquor, and was not concerned with its transportation. He also testified if Cohen had looked around behind at the load he could have discovered what was in the truck, but there was no proof that he did so.

Officer Miller testified:

"We stopped these two men in the car and saw two bottles between the two men on the front seat, and they shoved them both back when we stopped, and looked very nervous    I saw someone shoving the two bottles back."

There was no proof that Cohen had either possession or control over these two bottles, neither was there any proof that he was transporting them, and the proof as to which one shoved them back was so indefinite that it was not very persuasive as against Cohen.

Some importance is attached to the following testimony of officer Miller:

"*A.* One of them started to talk to me.    It was Cohen.
"*Q.* What did he say?
"*A.* He said something about fixing up something. I said 'nothing doing.'    I did not know what he was talking about."

The inference which is sought to be drawn from this conversation was that Cohen made an attempt to bribe the officer. This interpretation appears to be rather far fetched when the officer himself admitted he did not know what he was talking about. But conceding that Cohen meant to offer a bribe to the officer this testimony was incompetent except in connection with other testimony of guilt.

"An offer of a bribe by accused to the arresting officer to permit him to escape does not raise a presumption of law that accused is guilty, but is only

a matter from which the jury are permitted to infer a fact when taken in connection with other evidence tending to establish guilt." 16 C. J. p. 541.

Under this rule, this testimony should not have been used against defendant Cohen, because there was no other testimony worth considering that he was in any wise connected with the acts charged in the information. But even if it could be said that Cohen knew there was liquor in the truck he would not be guilty of a violation of the statute. He was not driving the truck and had no control over it, neither did he have possession of the whisky. To say that Cohen was guilty of a violation of the statute under these conditions would be to hold that every person in a taxi would be guilty of a violation of the statute if one passenger was carrying a bottle of whisky where the other passengers could observe it. The test is, Did Cohen have possession of the whisky, and was he transporting it? The people introduced no testimony to prove either one of these facts, and the testimony of Pericino shows that neither fact was true. The trial court was in error in submitting Cohen's case to the jury.

The judgment of conviction as to Pericino is affirmed. As to Cohen it is set aside and he is discharged.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.