PEOPLE *v.* KIELY.

1. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AUTOMOBILE—UNRESPONSIVE ANSWER—MISTRIAL.

In a prosecution for driving away an automobile in violation of Act No. 313, Pub. Acts 1919, the trial judge was not in error in declining to declare a mistrial because a witness, in answering a proper question, voluntarily stated that defendant had told him that he had been arrested, but never convicted, eleven different times, where the trial

judge ordered said statement stricken out and instructed the jury to disregard it.[1]

2. WITNESSES—CONSTITUTIONAL RIGHT OF WITNESS TO REFUSE TO ANSWER INCRIMINATING QUESTION.

Where a witness had exercised his constitutional right, on cross-examination, not to answer questions incriminating or tending to incriminate him, it was improper to ask him if his refusal to answer a certain question was because it might incriminate him.[2]

3. CRIMINAL LAW—ARGUMENT OF COUNSEL.

Objection by defendant's counsel that language obviously used by the prosecutor in his argument in reply to an attack by defendant's counsel upon one of the people's witnesses called the attention of the jury to the fact that defendant had not taken the stand as a witness, *held*, without merit, where it would require a stretch of imagination to give it such application.[3]

4. SAME—OFFER TO SETTLE WITH WITNESS ADMISSIBLE.

While offers to bribe or to "settle" are not sufficient alone to establish defendant's guilt, they may be considered in connection with the other testimony in the case.[4]

Error to recorder's court of Detroit; Murphy (Frank), J. Submitted January 15, 1925. (Docket No. 124.) Decided April 3, 1925.

Edward Kiely was convicted of unlawfully driving away an automobile, and sentenced to imprisonment for not less than 3 nor more than 10 years in the State prison at Jackson. Affirmed.

*Chawke & Sloan,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Van H. Ring,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J. On January 9, 1923, Stanley W. Smith was the owner of a Dodge sedan automobile

[1]Criminal Law, 17 C. J. § 3640; [2]Witnesses, 40 Cyc. p. 2537; [3]Criminal Law, 16 C. J. § 2261; [4]Id., 16 C. J. § 1075.

bearing license number 57-306.    About 9 o'clock in
the evening he parked it on Madison avenue near the
Capital Theatre in the city of Detroit, and with his
wife and friends attended the theatre.    About half-
past 10 that evening William F. Andrews was on
Grand River avenue in his automobile and about to
start up when the Smith automobile occupied by two
men collided with his machine.    The two men got out
of the Smith machine, engaged in some conversation
with Andrews, and then fled.    Andrews pursued, and
one of them, Proskner, was caught and turned over
to the police.    The next day Smith recovered his car
at the police station.    In March following defendant
was apprehended and identified by Andrews as the
other occupant of the Smith car.    Proskner was tried
separately and convicted and sentenced.    Defendant
on this writ of error reviews the judgment of convic-
tion rendered on his trial for a violation of Act No.
313, Pub. Acts 1919 (Comp. Laws Supp. 1922, §
15430).

Mr. Andrews was called as a witness by the prose-
cution.    He identified defendant as one of the occu-
pants of the Smith car on the occasion of the collision
and testified to his identification of him at police head-
quarters on March 23d.    He was further interrogated
as to a conversation with defendant a day or two
thereafter when defendant visited him.    This testi-
mony tended to show that defendant was attempting
to induce the witness not to give testimony against him
and was corroborated by other testimony to which we
shall presently refer.    There were many objections to
Mr. Andrews' testimony on this point and the court
instructed the witness as follows:

"The witness will relate only that part of the con-
versation that has to do with his connection with the
offense."

However, the witness in answer to a proper question by the assistant prosecuting attorney said:

"I told him I couldn't listen to him at all, that I had nothing to do or say about it; that I had identified him; therefore would have to go through with it and appear against him as a witness. He told me that he had been arrested, but never convicted, eleven different times."

Defendant then asked the court to declare a mistrial. His objection being based on the last sentence of the quoted answer. The court declined to declare a mistrial but struck out the testimony and instructed the jury to disregard it. Shortly after he fully went over the matter to the jury and in very positive language directed them to disregard the testimony and again in his general charge gave like instruction. There was no harmful error in this incident. The question is controlled by *People* v. *Rozewicz*, 228 Mich. 231, and authorities there cited.

The people produced Proskner as a witness. He gave testimony implicating defendant in the transaction. As we have stated he had already been convicted. Upon his cross-examination defendant's counsel went into the testimony given on his trial, the evident purpose being to show that he had been guilty of subornation of perjury. Finally the court fully informed the witness of his constitutional rights, and told him he need not answer questions incriminating or tending to incriminate himself. The witness exercised his constitutional right. Defendant's counsel then asked the following question:

"Is the reason for your refraining to answer the question because in your opinion the answer to the question might incriminate you?"

An objection by the prosecution to this question was sustained and error was assigned on this ruling. It might be sufficient answer to this assignment of error

to say that it had already appeared that the refusal of the witness to answer the question was for this reason, but we think the question was an improper one. See *People* v. *Maunausau* 60 Mich. 15; *Bales* v. *Evans*, 182 Mich. 383.

Defendant's counsel in his argument to the jury made a most vicious attack on the witness Andrews in an attempt to destroy the effect of his testimony. Replying to it, the assistant prosecuting attorney said:

"There is no ground for the presumption that Mr. Chawke has raised that if Kiely was the last man out, Andrews would have had no opportunity to see Kiely, as he tells you he saw him. I am dealing only with facts. I have had to build up this case piece by piece and those are the only things that remain on which I can argue. I have no testimony to tear down because I built it up."

Error is assigned on the last two sentences, and it is insisted that they called the attention of the jury to the fact that defendant had not taken the stand as a witness. A reading of the arguments of both counsel as they appear in this record is convincing that the language used was but a reply to the attack, and in some regards the unjustified attack, upon the testimony of the witness Andrews. It would require a stretch of imagination to make it applicable to anything else. The trial judge gave the request of defendant's counsel dealing with the failure of the defendant to testify. This assignment of error is without merit.

Finally it is insisted that there was error in the following instructions to the jury:

"I charge you that any statement or conduct of a person indicating a consciousness of guilt where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him on his trial. I charge you, therefore, that as bearing on the connection of this defendant with the crime charged, you may consider not only the identification of the defendant, Edward Kiely, testified to by the wit-

ness Andrews and the witness Proskner, but you may also consider the fact that this defendant, subsequent to his identification by the witness Andrews, visited his place of business and talked to said witness regarding the collision of the Dodge sedan in question with the automobile owned by witness Andrews at the corner of Broadway and Grand River avenue."

The court also charged the jury:

"Some evidence has been offered of statements made by the defendant after his arrest and while he was awaiting trial and I charge you in relation thereto that such statements are to be received with great caution, for besides the danger of misapprehension of witness, or the misuse of words, and failure of the party to express his own meaning and the infirmity of memory, it should be recollected that the mind of the prisoner himself, is often oppressed by the calamity of his situation, and that he is often influenced by motives of fear and hope to make statements."

We have already noted the fact that the testimony of Mr. Andrews tended to show that, after he had identified defendant, the defendant came to see him with a view of paying for the damage done and inducing Mr. Andrews not to appear as a witness. Mr. Proskner gave testimony tending to show that defendant proposed that method as an avenue of escape. While offers to bribe or to "settle" are not sufficient alone to establish guilt, they may be considered in connection with the other testimony in the case. *People v. Pericino,* 227 Mich. 440.

The defendant has had a fair trial and his conviction will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.