**Edward RODRIGUES, Complainant and Appellee,**

v.

**Fred DUNN, Edward Dunn, and Victor Dunn, Copartners, doing business as M. Dunn & Company, Respondents and Appellants.**

**Civ. A. No. 13473.**

United States District Court,
E. D. Michigan, S. D.

Jan. 17, 1955.

Supplemental Opinion Feb. 10, 1955.

April 23, 1954, the Judicial Officer entered an order dismissing appellants' petition for reconsideration concluding that "The said order dated February 17, 1954, is hereby vacated. The reparation awarded to complainant in the order of January 18, 1954, shall be paid within thirty days from the date of this order."

Within thirty days of the entry of this last order appellants filed a notice of appeal in this court. Appellee moves to dismiss the appeal for lack of jurisdiction, contending that under Title 7 U.S.C.A. § 499g (c) the appeal time started to run from the date of the reparation order, January 18, 1954, and not from the date of the dismissal of the petition for reconsideration.

The Judicial Officer, in his final order, refused to reconsider the case for the reason that he was not convinced of the merits of appellants' argument on the issue of excuse for failure to have filed an answer in the reparation proceedings, and for having permitted themselves to be defaulted. It does not appear that appellants urged upon the Judicial Officer the grounds of the defense which they desired to interpose, but only that they had a just and meritorious defense.

Title 7 U.S.C.A. § 499g (c) provides for the appeal of a reparation order within thirty days from and after the date of such order. Sections 47.24 and 47.25 of Title 7 C.F.R. provide for the reconsideration of the order of the Secretary, and for a reopening after default. Title 5 U.S.C.A. § 1009(c) provides for judicial review of agency actions, and provides that:

"* * * Except as otherwise expressly required by statute, agency action otherwise final shall be final for the purposes of this subsection whether or not there has been presented or determined any application for a declaratory order, for any form of reconsideration, or (unless the agency otherwise requires by rule and provides that the action meanwhile shall be inoperative) for an appeal to superior agency authority."

N. George Bashara, Detroit, Mich., for respondents and appellants.

Joslyn, Joslyn & Dean, Alan W. Joslyn, Detroit, Mich., for complainant and appellee.

THORNTON, District Judge.

The Court has before it a motion to dismiss an appeal from a final order of the Secretary of Agriculture.

The reparation proceedings were conducted in accordance with the Perishable Agricultural Commodities Act, Title 7 U.S.C.A. § 499a et seq.

Briefly stated, the factual background is as follows:

The appellee, Rodrigues, was awarded a reparation order by default, issued by the Secretary of Agriculture, through the Judicial Officer on January 18, 1954. Said order, by its terms, was to become final within thirty days unless appealed to the United States District Court. On February 17, 1954, at the request of appellants, the Judicial Officer entered an order granting an extension of time until March 1, 1954, for appellants to file a petition for reconsideration. In said order it was provided that "The order of January 18, 1954, in this proceeding is hereby stayed pending the issuance of another order herein." Subsequently, on

In Title 7 C.F.R. Section 47.24, it is provided that:

"* * * The filing of a petition to rehear or reargue a proceeding, or to reconsider an order, shall automatically operate to set aside the order pending final action on the petition."

This provision appears to come within the exception of Title 5 U.S.C.A. § 1009(c), as to finality of agency action for purposes of judicial review. The extension of time granted to appellants to file their petition for reconsideration is not within the strict interpretation of this section as to the part of said order providing for the earlier order being stayed, but once the petition for reconsideration was actually filed, Section 47.24 of Title 7 C.F.R. was operative.

It is the opinion of the Court that it was the intention of Congress to provide for judicial review of agency actions under certain conditions, and that there has not been such failure of compliance with said conditions as to deprive this Court of jurisdiction to provide the appellants with an opportunity to present a defense claimed to be meritorious.

An order may be presented accordingly.

### Supplemental Opinion

This memorandum is supplemental to the opinion filed by this Court in the above-entitled matter on January 17, 1955.

In reference to Section 47.24 of Title 7, C.F.R., while it is not within the strict interpretation of the exception contained in Title 5 U.S.C.A. § 1009(c), i. e., (unless the agency otherwise requires by rule and provides that the action meanwhile shall be inoperative) because of the applicability of said exception to "appeal to superior agency authority," it is surely within the spirit of it. However, it is thought that Section 47.24, supra, may well be considered as within the other exception in Section 1009(c), supra, "Except as otherwise expressly required by statute," in view of the well-established principle that regulations promulgated pursuant to statutory authority have the force and effect of statutes.

It may be further noted that Section 1009(c) refers to "agency action otherwise final" in connection with finality for purposes of judicial review. How can the order of January 18 be considered as "otherwise final" when by a subsequent order dated February 17 provision was made "staying the order of January 18 pending the issuance of another order herein"? Such provision negates the finality of the January 18 order and is anticipatory of a not-yet-existent final order. Coupling this situation with the language of Section 47.24, supra, the effect of which was to automatically "set aside" the order of January 18, it is difficult to perceive how appellant could have applied for judicial review of non-existent (for all practical purposes) agency action.