McMullen *v.* SECRETARY OF STATE.

1. LICENSES—NOTICE OF REVOCATION—LAST KNOWN ADDRESS.

Notice of revocation of automobile operator's license must be sent to the licensee's last known address in order to comply with the pertinent statute (CLS 1952, § 257.320).

2. SAME — NOTICE OF REVOCATION — REGISTERED MAIL — PERSONAL SERVICE.

Statutory provision requiring revocation of automobile operator's license within 30 days, if personal service cannot be made upon the licensee after diligent search and inquiry, does not become effective until after a registered letter has been sent to his last known address (CLS 1952, § 257.320).

3. COURTS—MOOT QUESTIONS.

Generally, courts will not decide moot questions.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RESTORATION OF LICENSE.

Whether or not petitioner's license to operate an automobile, which had expired before case was submitted for determination by the Supreme Court, is decided, nevertheless, where he had been charged with having driven an automobile when his operator's license had been revoked before the license had expired and the charge held in abeyance pending appeal in proceeding to compel the secretary of State to restore his license to him (CLS 1952, § 257.320).

5. COSTS—CONSTRUCTION OF STATUTE—RESTORATION OF OPERATOR'S LICENSE.

No costs are allowed in proceedings to compel restoration of automobile operator's license, where the construction of a statute is involved (CLS 1952, § 257.320).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur, Automobiles §§ 157, 160.
[5] 14 Am Jur, Costs § 23.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 5, 1954. (Docket No. 5, Calendar No. 45,638.) Decided April 5, 1954.

Petition of Robert G. McMullen to compel Fred M. Alger, Jr., Secretary of State, to restore automobile driver's license. Denied. Plaintiff appeals. Reversed and order restoring license entered.

*John L. Crandell,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

Sharpe, J. Petitioner, Robert G. McMullen, filed a petition in the circuit court of Wayne county for an order to have vacated the order of the Secretary of State revoking his driver's license, and for restoration of the same to him.

The record shows that an automobile driver's license was duly and legally issued to petitioner with an expiration date of May 24, 1953, showing his address to be 205 Joy street, Plymouth, Michigan, and change of address was indorsed thereon on November 7, 1950, showing his address to be 52797 Ten Mile road, South Lyon, Michigan, and a second change of address was indorsed thereon on May 11, 1951, showing his address to be 1168 Helen street, Inkster, Michigan. South Lyon is in Oakland county, while Plymouth and Inkster are in Wayne county. The changes of address were indorsed on the license by the respective police departments, according to the statute, PA 1949, No 300, § 315 (CLS 1952, § 257.-315 [Stat Ann 1952 Rev § 9.2015]).

On June 4, 1951, the State police department mailed petitioner a notice to appear for re-examination and interview by registered mail. The letter

was addressed to petitioner at 52797 Ten Mile road, South Lyon, Michigan, and on June 21, 1951, the letter was returned to the State police because of failure to deliver to petitioner. On July 31, 1951, a copy of this notice was sent to the chief of police at South Lyon with request for personal service. On August 1, 1951, the "copy of notice" was returned to the State police with a notation that service could not be made on petitioner at the address given on Ten Mile road. On August 22, 1951, an officer of the State police was directed to make personal service of the notice. On August 24, 1951, the officer called the home of petitioner's parents by telephone and told petitioner's mother that he had a notice to serve on petitioner. On the same day the officer located petitioner's father and left a copy of the notice with him by leaving it on his desk.

On September 18, 1951, the secretary of State, acting upon the recommendation of the State police, signed an order revoking petitioner's license as of August 8, 1951, for a period of 1 year, and mailed it by registered mail to petitioner at his address on Ten Mile road. This letter was returned on October 8, 1951, with the notation that it was unclaimed. On October 26, 1951, petitioner appeared before a justice of the peace in Northville, Michigan, to answer a traffic ticket for speeding, and was served with a warrant which charged him with operating a motor vehicle when his driver's license was revoked. On November 9, 1951, petitioner filed his petition in the circuit court of Wayne county for an order to show cause why the order of revocation or suspension should not be set aside. The matter was brought on for a hearing, and after petitioner had offered evidence in his behalf the trial court denied the petition.

Petitioner appeals and urges that the trial court was in error in denying his petition for the reason that service by registered mail should have been

made to petitioner at his last known address; and that on June 4, 1951, his address was 1168 Helen street, Inkster, Michigan, but the notice was sent to 52797 Ten Mile road, South Lyon, Michigan.

We are in accord with petitioner's theory that the statute requires the notice to be sent to petitioner's last known address, and that a registered letter sent to his former address at South Lyon, Michigan, does not comply with the statute. We also hold that the following provision in the statute (CLS 1952, § 257.-320 [Stat Ann 1952 Rev § 9.2020]), "And provided further, That if after diligent search and inquiry personal service cannot be made within 30 days the license shall be revoked without further notice," does not become effective until a registered letter has been sent to the party's last known address, and his last known address is the address given to the chief of police as required by statute. In the case at bar, the proceedings to revoke petitioner's license were null and void for the reasons above stated.

It is also urged by the secretary of State that all questions raised by petitioner are moot because his driver's license expires May 24, 1953. It is a general rule that courts will not decide moot questions, but in the case at bar the charge against petitioner for driving without a license has been held in abeyance pending the result of petitioner's appeal in the case at bar. Under such circumstances, we determine it advisable to decide the questions raised by petitioner on appeal. It follows that the secretary of State was in error in revoking petitioner's license.

In view of the circumstances of this case an order will be entered requiring the secretary of State to return to petitioner his driver's license. No costs are allowed as the construction of a statute is involved.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.