MEHRER *v.* MICHIGAN DEPARTMENT OF
SOCIAL SERVICES

1. INFANTS—LICENSES—WELFARE AGENCIES—FOSTER HOMES.

The licensing of child welfare agencies and the regulation and
supervision of the placement of infants in private homes of
persons unrelated to them is provided for by statute (MCLA
§ 722.101 *et seq.*).

2. INFANTS—WELFARE AGENCIES—DEPARTMENT OF SOCIAL SERVICES.

The Department of Social Services is charged with developing
adequate standards of child care and making rules and regula-
tions deemed necessary or advisable to enforce such standards
to protect the best interests of minor children placed with
welfare agencies or in private homes of persons unrelated to
them (MCLA § 722.102).

3. INFANTS — WELFARE AGENCIES — FOSTER HOMES — LICENSES —
STATUTES.

Foster homes must be licensed by the Department of Social
Services, the license shall specify the number of children that
can be received, and licensed foster parents shall inform the
department whenever they receive a child not placed by the
probate court or a licensed child-placing agency (MCLA §§
722.103, 722.104).

4. INFANTS—WORDS AND PHRASES—DAY-CARE CENTER.

A "day-care center" is defined as a daytime group facility which
gives care for pre-school children away from their homes but
which need not employ a teacher approved by the department
of public instruction (1957 AACS, § 400.120).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 2 Am Jur 2d, Adoption § 1 *et seq.*
[5] 2 Am Jur 2d, Administrative Law § 292 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 574.

5. ADMINSTRATIVE LAW—RULES.

    Administrative rules adopted pursuant to statutory authority have the force and effect of law.

6. APPEAL AND ERROR—LICENSES—DAY-CARE CHILDREN—REMAND.

    A case is remanded to the trial court for a testimonial hearing to determine whether plaintiffs filed a proper initiating application for a license to care for day-care children where the defendant Department of Social Services contended for the first time in its brief in the Court of Appeals that the plaintiffs had not filed the correct application form and for further proceedings depending on the finding of the trial court.

Appeal from Wayne, Theodore Bohn, J. Submitted Division 1 February 1, 1970, at Detroit. (Docket No. 6,681.) Decided June 22, 1970.

Complaint by Carl E. Mehrer and Julia Mehrer against R. Bernard Huston, director, Michigan Department of Social Services, for a license to provide day care services. Judgment for defendant. Plaintiffs appeal. Remanded for further proceedings consistent with opinion.

*Lacey & Jones* (*E. R. Whinhom,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue,* and *William R. Rudell,* Assistant Attorneys General, for defendant.

Before: LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

BRONSON, J. This is an appeal from an order issued by the Wayne County Circuit Court affirming the findings of the Michigan Department of Social Services. The Michigan Department of Social

Services had denied the plaintiffs' application for a license to add six day-care children to the six children under age 17 already in the plaintiffs' foster home.

PA 1944 (1st Ex Sess), No 47, as amended, MCLA § 722.101 *et seq.* (Stat Ann 1969 Cum Supp § 25.358 [1] *et seq.*), provides for the licensing of child welfare agencies and the regulation and supervision of the care and placement of minor children in private homes of persons unrelated to them. The Department of Social Welfare is charged by § 2 of this statute with the development of adequate standards of child care and the making of rules and regulations deemed necessary or advisable to effect such standards to protect the best interest of minor children and to carry out the purposes of the act. The statute provides at § 3 that foster homes must be licensed by the department and that the license shall specify the number of children that can be received. The statute also provides at § 4 that licensed foster parents shall inform the department whenever they receive a child not placed by the probate court or a licensed child-placing agency.

Since 1956, plaintiffs have been licensed to conduct a foster home for the full-time care of four foster children. Carl E. Mehrer, the former husband of Julia Mehrer, is now deceased. The surviving plaintiff has four unrelated foster children in the home plus two children they have adopted.

Although the now-deceased Carl Mehrer was over 67 years of age, exception was made in his case as an overage foster-care father under 1962 AACS, R 400.193(18) of the Administrative Code, which provides in part:

"The applicant shall not be over 65 years of age. Exception may be made at the discretion of the social welfare department."

In 1966, the department discovered that for about ten months plaintiffs had advertised for, and boarded, two additional children on a day-care basis in violation of the law and regulation and without telling the authorities, contrary to 1962 AACS, R 400.191(5), which provides:

"The licensee shall not accept more children than the maximum specified in the license. If additional room is available or other changes warrant an increase in the license, the licensee or the supervising agency shall request the Michigan social welfare department to increase the authorized number of children who may be boarded in the home."

This limitation was adopted for a purpose. That purpose was to insure that foster homes would not become overcrowded so that children could receive adequate attention. However, the director's denial of the plaintiffs' application was not based on the violation of this regulation.

After the department discovered the plaintiffs' violation, the plaintiffs filed an application with the department seeking a license for the day care of six children aged two to five in addition to the children they had already been licensed to care for as "foster children". The application form is captioned "application for license to conduct a foster home for children", and states that it is filed under PA 1944 (1st Ex Sess), No 47.

The application was denied administratively on December 8, 1966. On January 6, 1967 plaintiffs' attorney protested the denial and requested a hearing. On February 23, 1967 the hearing was held and on April 7, 1967 the director denied the appeal, stating:

"Rule 400.191(1)[1] provides that 'No home shall be licensed for more than 4 children except when it

---

[1] "No home shall be licensed for more than 4 children, except when

is desirable for brothers and sisters of 1 family to be kept together, or when some other special need exists.' It further provides that exception to this rule may be made only by the state department. I recognize that you requested this hearing in order to obtain such an exception to the limitation of this rule.

"However, discretion to make[2] such an exception is nullified in this instance by rule 400.193(19), which limits the number of children to be maintained in any foster home to 8. Your application of 10–31–66 indicates 6 children under 17 years already in your home. To issue a license for 6 additional children as requested in your application would be in violation of this rule, to which no exception is authorized."

Plaintiffs then commenced this action in the circuit court appealing the director's denial of their application. They contend that the eight-child limitation is applicable only to the full-time-care children and is not applicable to day-care children.

The defendant has promulgated separate rules and regulations concerning day care centers and nursery schools. A day care center is defined as "a day time group facility which gives care for preschool children away from their homes but which need not employ a teacher approved by the department of public instruction. It provides a program which promotes the development of the individual child and is under the direction of a person with experience in child care." 1957 AACS, § 400.120,

---

it is desirable for brothers and sisters of 1 family to be kept together, or when some other special need exists. Exception to this limitation may be made only by the Michigan social welfare commission." 1962 AACS, R 400.191(1), p 2646.

[2] "The number of persons in the home at the time of application shall be taken into consideration and be a basis for fixing the number of children to be maintained in the home. The total number of children under 17 years of age in a home shall not exceed 8 including foster children." 1962 AACS, R 400.193(19), p 2647.

p 471. A minimum of two adults is required for any group of children and when the number of children exceeds ten, full-time assistance for the director is to be provided by additional personnel in accordance with a table based upon the ages of the children. 1957 AACS, § 400.121, p 471.

On the strength of this regulation, the plaintiffs contend that the eight-child limitation does not apply to day care children. This argument was rejected by the trial judge, who stated:

"It is argued that while the department under these regulations forbid the issuance of the license because eight children are the maximum allowed (and the Mehrers presently have six children; four foster and two adopted children), that it does not present the Mehrers from having additional day care children under rule 400.121(1)."

The judge then observed that rule 193 applies to the inspection and licensing of foster homes for children while rule 121 applies to the staff of day-care centers. "The sections are not inconsistent and come entirely within the authority of the Department of Social Services [to promulgate]."

The court concluded:

"The granting of the appellants' request would place 12 children in the home of the Mehrers contrary to rule 400.193(19). There are no exceptions to the rules that provide that the total number of children under 17 years of age shall not exceed 8.

"The action of the Department of Social Services in denying the application for appellants' license for an additional six-child day-care license was not arbitrary, but in accordance with the rules. The action of the Department of Social Services is affirmed."

On November 1, 1968 an order was entered affirming the director's decision. Plaintiffs then filed this appeal with our Court.

Plaintiffs do not challenge the power of the director to promulgate regulations or the validity of the regulations previously mentioned. It is recognized that administrative rules adopted pursuant to statutory authority have the force and effect of law. *Rodrigues* v. Dunn (1955), 128 F Supp 604. Plaintiffs contend, rather, that the eight-child limitation is not applicable to day care children.

In his brief filed with our Court the Attorney General contends that the plaintiffs have at no time sought a license to operate a day-care center under which they could have cared for more than eight children under 17. Plaintiffs respond that they have filed the necessary application. The application that was filed contains the following questions and answers:

"Have you cared for foster children previously?
"Yes.
"Have you been licensed to care for children before?
"Yes.
"Name of person or agency who placed child?
"Probate Court.
"License number if known.
"FH 8207421.
"How many children do you wish to care for?
"Six.
"Boys or girls?
"Either.
"Age range?
"Two years—five years.
"Full-time or day care only?
"Day care only, in addition to present foster children."

It thus appears that the application form does cover both full-time and day care and that the applicants specified that they were seeking a license for "day care *only,* in *addition* to present foster children."

During oral argument in our Court an assistant attorney general stated that a foster-home licensee could obtain authorization to care for both full-time care children and day-care children in the same place and, while there is an eight-child limitation as to full-time children, there is no such limitation in respect to day children. It was further stated that if the plaintiffs were to apply for a license authorizing the day care of children in the same place that they have been authorized to care for four full-time children, the Attorney General would advise the department to consider the application on its merits even though the total number of day and full-time children exceeded eight, but that no such application had been filed by the plaintiffs.

This dispute now seems to narrow to the question whether a proper application form has been filed. The plaintiffs point out that the department's authority to license both day-care and full-time-care homes is derived from the same act, PA 1944 (1st Ex Sess), No 47. They allege that the only application form of which plaintiffs have been made aware was the form of application which was filed by them, that the application was filed in response to advice that they should file an application if they wished to add day-care children, and that the application itself shows that they sought authorization for six day-care children in addition to the previously authorized four full-time children. Our examination of the director's regulations does not disclose any specification as to the kinds of forms to

be filed, nor have we been advised that different application forms for day-care centers and full-time-care foster homes have been printed and made available.

It further appears upon examining the record that the first time the defendant contended that the plaintiffs had not filed the correct application form was when he filed his brief in our Court. Under the circumstances, we think this case should be remanded for a testimonial hearing as to whether the plaintiffs have filed a proper initiating application for a license to care for day-care children. If the trial judge decides that the application which was filed is an appropriate initiating application, then the case should be remanded to the director for a hearing on the merits. On the other hand, if he finds that the application is not in proper form, then the appeal to the circuit court shall be dismissed and the director's determination will be deemed affirmed.

Remanded for further proceedings consistent with this opinion. Costs to abide the event. We do not retain jurisdiction.

All concurred.