WILES v LIQUOR CONTROL COMMISSION

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES—CLASSIFICA-
   TIONS—LICENSES—LIQUOR SALES.

   Not all statutory classifications are unconstitutional, even when
   they result in some inequities; thus a statute regulating the
   licensing of retail liquor sales outlets which distinguishes be-
   tween hotels, taverns, and "special designated merchants",
   cannot be invalidated on an equal protection theory where the
   classifications which flow from it are not shown to be arbitrary
   or unreasonable (MCLA 436.17, 436.17a).

2. STATUTES—CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICA-
   TIONS—JUSTIFICATION.

   Every presumption is indulged in favor of a statute's validity, and
   a statutory discrimination will not be set aside if any state of
   facts reasonably may be conceived to justify it.

3. COURTS—LEGISLATURE—STATUTES—CLASSIFICATIONS.

   Courts cannot review legislative discretion and declare a given
   classification arbitrary simply because they differ with the
   Legislature as to the propriety of the classification and the
   sufficiency of the reasons upon which it is based, because the
   lawmaking power is vested in the Legislature.

4. CONSTITUTIONAL LAW—RELIGION—STATUTES.

   A statute which provides that a liquor license be denied a tavern
   when it is protested against by any church located within 500
   feet of the tavern is constitutional, as no church derives an
   economic benefit from the rule and the rule neither encourages
   nor discourages people to attend religious services; only if
   either the purpose or the effect of a statute is the advancement
   or the inhibition of religion does an enactment exceed the scope
   of constitutional legislative power (US Const Am I; Const 1963,
   art 1, § 4; MCLA 436.17a).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 16 Am Jur 2d, Constitutional Law §§ 485, 488, 490.

[4] 16 Am Jur 2d, Constitutional Law § 338.

Constitutional guaranty of freedom of religion as applied to license
taxes or regulations. 146 ALR 109 s. 152 ALR 322.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted Division 2 February 4, 1975, at Lansing. (Docket No. 18487.) Decided March 10, 1975. Leave to appeal denied, 394 Mich 819.

The Michigan Liquor Control Commission denied an application by Tracy Wiles and Charlotte P. Wiles for a Class C license. The applicants appealed to the Circuit Court which ordered approval of the application. Defendant appeals by leave granted. Reversed.

*Vlachos & Carey,* and *Gergely, Foley & Domeny, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Franklin J. Rauner* and *Richard I. Rubin,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. The Ingham County Circuit Court filed a combination opinion and order wherein the court held that MCLA 436.17a; MSA 18.988(1) unconstitutionally denied plaintiffs their rights to equal protection of the laws guaranteed by US Const, Am XIV, and Const 1963, art 1, § 2. It ordered defendant Liquor Control Commission to approve plaintiffs' application to reclassify their tavern license, MCLA 436.2s; MSA 18.972(19), to a Class C license, MCLA 436.2t; MSA 18.972(20). Defendant appeals claiming the statute is constitutional and the circuit court does not have the authority to issue mandatory orders to a state administrative agency. For their part, plaintiffs seek to have the statute declared unconstitutional

on the additional ground that its purpose is the advancement of religion in violation of US Const, Am I, and Const 1963, art 1, § 4.

Plaintiffs made an application to defendant to upgrade their tavern license to a Class C license. Except for hotels, MCLA 436.2h; MSA 18.972(8); MCLA 436.17; MSA 18.988, provides that any application seeking to upgrade an existing liquor license involving on-the-premises consumption is treated as a new application. *Morse v Liquor Control Comm*, 319 Mich 52; 29 NW2d 316 (1947). Defendant's investigation disclosed that plaintiffs' business establishment was within 500 feet of two churches. The statute provides that any new application for such a license shall be denied if its proposed location is within 500 feet of a church and the church files an objection to its issuance. MCLA 436.17a; MSA 18.988(1). Both churches filed objections to the issuance of the license. As a consequence, defendant denied plaintiffs' application. Plaintiffs were granted a rehearing but defendant's original decision was affirmed. Plaintiffs then sought judicial review in circuit court.

The circuit court held the statute unconstitutional.

In addition to the exception for hotels found in MCLA 436.17; MSA 18.988, Michigan statutes have created another exception to the 500-foot rule for specially designated merchants (SDM's) who do not sell for consumption on the premises. MCLA 436.2q; MSA 18.972(17); MCLA 436.17a(b); MSA 18.988(1)(b). The circuit judge held that there was no legally viable basis for the distinctions between licenses by finding that:

"[t]he same dangers that exist in permitting a tavern to serve liquor by the glass exist in permitting a hotel to do likewise [and] [w]here liquor is sold for consump-

tion off the premises, the likelihood of a disturbance or danger to a nearby church * * * is increased rather than diminished where such purchasers may seek these buildings as places to consume their liquor * * * ."

We cannot agree with the circuit judge's analysis and, therefore, we must reverse this decision.

It is true, as the circuit judge concluded, that MCLA 436.17a; MSA 18.988(1) as applied, distinguishes between hotels, taverns and SDM's. But not all classifications are unconstitutional, even when they result in some inequalities. *Naudzius v Lahr,* 253 Mich 216, 222–223; 234 NW 581, 583 (1931). This statute cannot be invalidated on an equal protection theory unless the classifications which flow from it are shown to be arbitrary and unreasonable. *Tribbett v Village of Marcellus,* 294 Mich 607; 293 NW 872 (1940), and *Borden's Farm Products Co, Inc v Baldwin,* 293 US 194; 55 S Ct 187; 79 L Ed 281 (1934). Every presumption is indulged in favor of the statute's validity. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *Wolodzko v Wayne Circuit Judge,* 382 Mich 528; 170 NW2d 9 (1969), *In re Brewster Street Housing Site,* 291 Mich 313; 289 NW 493 (1939), and *Alexander v Detroit,* 45 Mich App 7; 205 NW2d 819 (1973).

The trial judge's findings in this case are insufficient to support the legal conclusion that the statute is unconstitutional, for they fail to show the *absence* of *any* state of facts that could reasonably be conceived to justify the statute. *Wolodzko, supra.* The same dangers may exist when permitting a hotel or a tavern to sell liquor, but this is not to say that they exist to the same degree in each case or that no additional dangers *or benefits* might be attendant to a license that is given one

or the other that could justify differential treatment. With regard to SDM's, the circuit judge refused to uphold the distinction because he conceived of one instance when the distinction could prove harmful, the exact opposite of *Wolodzko, supra.* We believe that it is reasonable to assume that there are other sets of circumstances where no such interference with a church would result. Questions concerning what combination of dangers or benefits would justify distinguishing hotels from taverns or whether an open tavern has a greater potential for interfering with churches than an SDM are not for courts to resolve so long as there are facts that one could rationally rely on to resolve them against the tavern. As the Michigan Supreme Court stated in *Tribbett, supra,* p 617, quoting *Hunter v City of Tracy,* 104 Minn 378; 116 NW 922 (1908):

"Courts * * * cannot review legislative discretion and declare a given classification arbitrary simply because they differ with the legislature as to the propriety of the classification and the sufficiency of the reasons upon which it is based; for the lawmaking power is vested in the legislature. It must not be lightly assumed that the legislators are less wise, or less mindful of the mandates of the constitution, than judges are."

As defined, MCLA 436.2h; MSA 18.972(8), hotels are structures used primarily for the feeding and lodging of guests. The traffic pattern such a business creates and the manner in which it conducts its affairs could rationally be distinguished from the operation of a tavern. The same is true for SDM's. When weighing these differences, the courts must assume that the Legislature considered such distinctions and others and concluded that the restrictions of the statute were not neces-

sary as far as hotels and SDM's were concerned. *Beacon Club v Kalamazoo County Sheriff,* 332 Mich 412, 425–426; 52 NW2d 165, 170–171 (1952).[1]

Plaintiffs contend that the statute is an unconstitutional legislative attempt to advance religion. The test that a statute must meet under these circumstances is best set forth in *School District of Abington Twp v Schempp,* 374 US 203, 222; 83 S Ct 1560, 1571; 10 L Ed 2d 844, 858 (1963):

"The test may be stated as follows: what are the purpose and the primary effect of the enactment? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion."

The 500-foot rule created by MCLA 436.17a; MSA 18.988(1), satisfies this standard. A church derives no economic benefit from the rule. The statute neither encourages nor discourages people to attend religious services.

Having decided that the statute in question is constitutional, the question of the circuit court's power to issue mandatory orders to a state agency is moot and ought not be decided at this time. *McBroom v City of Flint,* 266 Mich 679; 254 NW 468 (1934), and *McMullen v Secretary of State,* 339 Mich 175; 63 NW2d 599 (1954).

Reversed.

---

[1] It is not essential that these reasons which could support a classification in this particular case be those the Legislature considered when the statute was enacted. It is sufficient to conceive of a state of facts that would form a reasonable basis for the classification now. *Borman's, Inc v Liquor Control Comm,* 37 Mich App 738, 751; 195 NW2d 316, 322 (1972), and *McDaniel v Campbell, Wyant & Cannon Foundry,* 367 Mich 356, 360; 116 NW2d 835, 837 (1962).