TOWN & COUNTRY LANES, INC v LIQUOR CONTROL
COMMISSION

Docket No. 109173. Submitted June 20, 1989, at Lansing. Decided
August 21, 1989. Leave to appeal applied for.

   Town & Country Lanes, Inc., doing business as Town & Country
   Lanes and licensed by the Liquor Control Commission to sell
   alcoholic beverages to patrons of its bowling alley and the bar
   located therein, petitioned the Genesee Circuit Court for review
   of a decision by the Liquor Control Commission finding peti-
   tioner in violation of § 22(3) of the Michigan Liquor Control
   Act, MCL 436.22(3); MSA 18.993(3), and administrative rule 9(1)
   of the commission, 1980 AACS, R 436.1009(1), based on one
   incident wherein a nineteen-year-old bowling patron consumed
   beer obtained by another individual from petitioner. Section
   22(3) provides in part that a licensee shall not directly, individ-
   ually, or by a clerk, agent, or servant sell, furnish, or give
   alcoholic liquor to a minor. Rule 9(1) provides that a licensee
   shall not allow a person who is under twenty-one years of age
   to consume alcoholic liquor or to possess alcoholic liquor for
   personal consumption on the licensed premises. The court,
   Judith A. Fullerton, J., reversed the commission, determining
   that a violation of the statute could not occur where the sale of
   alcohol was not made directly to the minor or a disclosed agent
   of the minor, and that a violation of the rule could not occur
   where the licensee had no knowledge that one of its patrons
   was allowing a minor to consume alcohol on the licensee's
   premises. Additionally, the court determined that Rule 9(1) is
   unconstitutionally vague. The commission appealed.

   The Court of Appeals *held:*

   1. The trial court erred in concluding that petitioner had not
   violated § 22(3). The plain language of the statute prohibits the
   furnishing of alcoholic liquor to minors. The term "furnish"
   has in a prior case been broadly construed to include the

REFERENCES

Am Jur 2d, Administrative Law §§ 289 *et seq.,* 553 *et seq.;* Intoxi-
   cating Liquors §§ 183 *et seq.,* 267 *et seq.;* Statutes § 346.
See the Index to Annotations under Children; Intoxicating Liquors;
   Taverns and Tavernkeepers.

indirect transfer of liquor to a minor as long as the liquor belonged to the licensee and was under its control.

2. Knowledge by the licensee, at the time it furnishes liquor to an individual, that the individual is a minor is not a prerequisite for finding the licensee in violation of § 22(3).

3. The plain language of Rule 9(1) and case law pertinent thereto do not support the trial court's conclusion that a licensee cannot violate the rule unless it has knowledge that one of its patrons has allowed the minor to consume alcohol on its premises.

4. Rule 9(1) is not unconstitutionally vague. The rule provides fair notice of the conduct proscribed and it does not confer unstructured and unlimited discretion on the Liquor Control Commission to determine whether the rule has been violated.

Reversed.

1. ADMINISTRATIVE LAW — LIQUOR CONTROL COMMISSION — JUDICIAL REVIEW.

Judicial review of a decision by the Liquor Control Commission is limited to a determination of whether the decision is authorized by law and is supported by competent, material and substantial evidence (Const 1963, art 6, § 8; MCL 24.306; MSA 3.560[206]).

2. INTOXICATING LIQUORS — LIQUOR LICENSEES — FURNISHING LIQUOR TO MINORS.

A liquor licensee may be found to have violated that section of the Michigan Liquor Control Act which in part provides that a licensee shall not directly, individually, or by a clerk, agent, or servant sell, furnish, or give alcoholic liquor to a minor where liquor belonging to the licensee and under its control is transferred within the licensee's premises to a minor by a patron of the licensee (MCL 436.22[3]; MSA 18.993[3]).

3. INTOXICATING LIQUORS — LIQUOR LICENSEES — FURNISHING LIQUOR TO MINORS.

Knowledge by a liquor licensee, at the time it furnishes liquor to an individual, that the individual is a minor is not a prerequisite for finding the licensee in violation of that section of the Michigan Liquor Control Act which in part provides that a licensee shall not furnish alcoholic liquor to a minor (MCL 436.22[3]; MSA 18.993[3]).

4. ADMINISTRATIVE LAW — RULES.

Administrative rules adopted pursuant to statutory authority have the force and effect of law.

5. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

A statute may be challenged for vagueness on three grounds: (1)

it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms.

6. Constitutional Law — Due Process — Statutes — Vagueness.

Challenges on the grounds of vagueness to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

7. Intoxicating Liquors — Liquor Licensees — Minors in Possession.

The administrative rule of the Liquor Control Commission which provides that a liquor licensee shall not allow a person who is under twenty-one years of age to consume alcoholic liquor or to possess alcoholic liquor for personal consumption on the licensed premises provides fair notice of the conduct proscribed and does not confer unstructured and unlimited discretion on the commission to determine whether the rule has been violated (1980 AACS, R 436.1009[1]).

*Kallas, Lower, Henk & Treado, P.C.* (by *Constantine N. Kallas*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Richard I. Rubin,* Assistant Attorneys General, for respondent.

Before: Wahls, P.J., and Doctoroff and Brennan, JJ.

Wahls, P.J. Respondent, Michigan Liquor Control Commission, appeals from a May 16, 1988, order of the Genesee Circuit Court vacating a November 17, 1987, order of the commission assessing $110 in fines and costs against petitioner, Town & Country Lanes, Inc., for having furnished alcoholic liquor to a minor, MCL 436.22(3); MSA 18.993(3), and having allowed a person under twenty-one years of age to consume or possess alcoholic liquor for consumption on petitioner's

premises, 1980 AACS, R 436.1009(1). The commission, in its November 17, 1987, order, specifically adopted the findings of fact and conclusions of law set forth in a March 30, 1987, decision of a commissioner of the Michigan Liquor Control Commission. We reverse the May 16, 1988, order of the circuit court and reinstate the November 17, 1987, order of the commission.

The record reveals that petitioner operates a bowling alley in Flint and is authorized to serve alcoholic beverages to its customers under a Class C liquor license. The bowling alley, which has at least forty-three lanes, is situated next to a bar. The bar is separated from the bowling alley concourse by two doors and a partition whose upper half is glass. Customers may purchase alcoholic drinks either at the bar or from servers who take orders in the bowling alley. Customers are permitted to consume their drinks in the bar and in the bowling alley.

On Friday, November 21, 1986, the bowling alley was very busy. At about 10:30 P.M., there was one waitress on duty serving customers in the bowling alley concourse, a bartender working behind the bar, two employees at the main desk serving patrons of the bowling alley, and a roving security guard. At that time, Sheri Lynn Davis, born on October 16, 1967, was bowling with three friends who were each over twenty-one years old. Jennifer Hare, an investigator for the commission, observed, for approximately ten to fifteen minutes, each of the four bowlers in the Davis party drinking beer from separate glasses. Hare confronted the four bowlers and informed the manager of the establishment that Davis, a minor, was observed drinking beer on the premises. According to Hare, Davis said that one of her companions, Randy Tinsman, had purchased the pitcher of beer from

which the party had been drinking. Tinsman acknowledged that he had purchased one of the two pitchers of beer which he and others in the party had drunk that evening, although he could not recall whether he had purchased it in the bar and brought it into the bowling alley or whether the waitress on duty had served the beer to the party in the bowling alley. The waitress testified that she had not served any alcoholic beverages to anyone in the group and that she was not aware that an underage person in the bowling alley was consuming alcohol.

In his March 30, 1987, decision, the commissioner concluded that petitioner had violated § 22(3) of the Michigan Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.,* and Rule 436.1009(1) of the commission. That statute and rule provide:

> A retail licensee shall not directly, individually, or by a clerk, agent, or servant sell, furnish, or give alcoholic liquor to a minor except as otherwise provided in this act, nor directly or indirectly, individually or by a clerk, agent, or servant sell, furnish, or give alcoholic liquor to a person who is visibly intoxicated. [MCL 436.22(3); MSA 18.993(3).]
>
> A licensee shall not allow a person who is under 21 years of age to consume alcoholic liquor or to possess alcoholic liquor for personal consumption on the licensed premises. [1980 AACS, R 436.1009(1).]

The commission or any commissioner is authorized to suspend or revoke a license for the violation of these provisions or to impose a penalty for such a violation under § 20(1) of the Michigan Liquor Control Act. That statute provides, in pertinent part:

> The commission, and any commissioner or duly

authorized agent of the commission designated by the chairperson of the commission, upon due notice and proper hearing, may suspend or revoke any license upon a violation of this act or any of the rules promulgated by the commission under this act. The commission, and any commissioner or duly authorized agent of the commission designated by the chairperson of the commission, may assess a penalty of not more than $300.00 for each violation of this act or rules promulgated under this act, or not more than $1,000.00 for each violation of section 22(3), in addition to or in lieu of revocation or suspension of the license. [MCL 436.20(1); MSA 18.991(1)]

In the present case, petitioner was assessed $150 for each of its two violations and "$10 for witness fees involved in connection with the hearing." However, the commission, characterizing petitioner's record as "exemplary" because it had been licensed since 1962 and had never before incurred a violation under the Michigan Liquor Control Act or any rule promulgated pursuant to it, waived $200 of the penalty imposed in this case.

The circuit court reversed the order of the commission declaring petitioner in violation of § 22(3) and Rule 9(1), holding that a violation of the statute could not occur "where the sale of alcohol was not made directly to the minor child or a disclosed agent of the minor," and that a violation of the rule could not occur "where the licensee had no knowledge that one of its patrons was allowing a minor to consume alcohol" on the licensee's property. Moreover, the circuit court held that Rule 9(1) is unconstitutionally vague "because it does not provide the licensee with notice of what actions are prescribed [sic], and because it confers on the commission unstructured, unlimited and arbitrary discretion to determine whether an offense has been committed."

Our review of the commission's decision, as was the circuit court's review, is limited in scope. On appeal, it must be determined, in essence, whether the commission's decision is authorized by law and is supported by competent, material and substantial evidence. See MCL 24.306; MSA 3.560(206); Const 1963, art 6, § 28; *Kelly v Liquor Control Comm,* 131 Mich App 600; 345 NW2d 697 (1983); *Kassab v Acho,* 150 Mich App 104, 109; 388 NW2d 263 (1986), lv den 426 Mich 862 (1986); *Odette v Liquor Control Comm,* 171 Mich App 137, 141; 429 NW2d 814 (1988).

On appeal, the commission argues that the circuit court erred as a matter of law in reversing the determination that petitioner violated § 22(3) of the Michigan Liquor Control Act, contending that the circuit court's conclusion that a licensee cannot violate that statute unless it knowingly and directly sells alcohol to a minor is supported neither by the plain language of the statute nor by the applicable case law. We agree.

The language of § 22(3) itself prohibits the furnishing of alcoholic liquor to minors. Long ago, the Supreme Court, in a criminal prosecution for furnishing alcoholic liquor to a minor, broadly construed the term "furnish" to include the indirect transfer of liquor to a minor as long as the liquor belonged to the party charged and was under its control. In *People v Neumann,* 85 Mich 98, 102-103; 48 NW 290 (1891), the Supreme Court stated:

> If the liquor, belonging to the person and under his control, is by his consent or connivance, permitted to be taken and drank [sic] by the minor, whether it is passed to him direct [sic] or through the hands of another is immaterial; the liquor in either case is *furnished* to such minor, within the meaning of our statute. . . .
>
> It must be presumed that he had control over

his own place of business. If Lozo had taken the bottle of beer out of doors, or away from the premises of respondent, and there treated the minor, the case would have been different; or had respondent forbidden the giving of the beer to Brown in his saloon, or said to Brown, "You can be furnished with no beer upon my premises," and did all that a prudent man could to prevent the drinking of the beer by the minor, and sold it to Lozo with no intent that it should thereby be furnished or given to the minor, he would not have been guilty of any violation of the law, although Brown might have drank [sic] it after Lozo purchased it. [Emphasis in original.]

See also *People v Lumley,* 189 Mich 613; 155 NW 486 (1915); *Bambino v Dunn,* 166 Mich App 723, 727-729; 420 NW2d 866 (1988), lv den 431 Mich 903 (1988). If the term "furnish" is broadly construed for purposes of criminal liability, we see no reason not to similarly construe it for purposes of a noncriminal penalty or fine. The commissioner in this case clearly found that there were four glasses on the table at which the party of four bowlers was seated and that nineteen-year-old Sheri Lynn Davis was drinking beer from one of those glasses. Petitioner supplied both the beer and the glasses. Accordingly, petitioner "furnished" alcohol to Davis.[1]

---

[1] We note that the argument in petitioner's appellate brief that the Legislature's deletion of the words "or indirectly" at the beginning of § 22(3) evidences a legislative intent to preclude liability for the indirect transfer of liquor to a minor by a licensee was neither addressed nor decided by the circuit court and therefore was not preserved for review on appeal. *Stapleton v Wayndotte,* 177 Mich App 339; 441 NW2d 90 (1989). Prior to an amendment to the statute by 1986 PA 176, § 22(3) read: "A retail licensee shall not directly or indirectly . . . furnish . . . alcoholic liquor to a minor : . . ." In any event, the Legislature is presumed to know the construction given to the term "furnish" by the Supreme Court, *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 684; 423 NW2d 311 (1988), and thus could not have intended to limit that construction while failing to modify, change or alter the term itself.

Moreover, while such furnishing of alcohol by petitioner to Davis may not have been accomplished with the knowledge of her age, such knowledge was not necessary to subject petitioner to liability under § 22(3). Unlike § 33 of the Michigan Liquor Control Act, which is a penal provision and which prohibits a person from, among other things, knowingly furnishing alcoholic liquor to a minor, see *Longstreth v Gensel,* 423 Mich 675, 692; 377 NW2d 804 (1985), § 22(3) is not a penal statute and includes no language indicating that a licensee must have knowingly violated its provisions before being subject to a penalty, see *People v Damm,* 183 Mich 554; 149 NW 1002 (1914); *People v Jaboro,* 76 Mich App 8; 258 NW2d 60 (1977).

The commission also argues on appeal that the circuit court erred in reversing the determination that petitioner violated Rule 9(1), contending that the circuit court's conclusion that a licensee cannot violate the rule unless it has knowledge that one of its patrons allowed a minor to consume alcohol on the licensee's property is supported neither by the plain language of the rule nor by the applicable case law. We agree.

A licensee is presumed to be in control of its licensed premises. *Neumann, supra,* p 103. Davis, a minor, was drinking beer from her own glass in plain view while inside petitioner's bowling alley. Obviously, petitioner knew that it was prohibited from serving alcohol to minors. In this case, it could have prevented violating that prohibition simply by asking Davis for proof of her age. By failing to exercise reasonable diligence in ascertaining the age of Davis, petitioner "allow[ed] a person who is under 21 years of age to consume alcoholic liquor . . . on the licensed premises," as prohibited by Rule 9(1). The word "allow" is defined in *The American Heritage Dictionary of the*

*English Language* as "to let do or happen; permit."
The only reason Davis was able to drink beer in
the bowling alley was because petitioner failed to
ask her for proof of her age and to stop her from
imbibing. This is precisely the type of behavior
which Rule 9(1) is intended to prohibit.

Finally, the commission argues on appeal that
the circuit court erred in reversing the determina-
tion that petitioner violated Rule 9(1), contending
that the circuit court's conclusion that the rule is
unconstitutionally vague is erroneous. We agree.

Administrative rules adopted pursuant to statu-
tory authority have the force and effect of law.
*Mehrer v Dep't of Social Services,* 24 Mich App
453, 459; 180 NW2d 345 (1970). In *People v Ho-
well,* 396 Mich 16, 20-21; 238 NW2d 148 (1976), the
Supreme Court stated:

> A statute may be challenged for vagueness on
> three grounds:
> 1. It does not provide fair notice of the conduct
> proscribed.
> 2. It confers on the trier of fact unstructured
> and unlimited discretion to determine whether an
> offense has been committed.
> 3. Its coverage is overbroad and impinges on
> First Amendment freedoms.
>
> \* \* \*
>
> [V]agueness challenges to statutes which do not
> involve First Amendment freedoms must be exam-
> ined in the light of the facts of the case at hand.

The circuit court in this case, without disclosing
in any significant way its reasoning, concluded
that "the Liquor Control Commission Rule
436.1009(1) is unconstitutional because it does not
provide the licensee with notice of what actions
are prescribed [sic], and because it confers on the
commission unstructured, unlimited and arbitrary

discretion to determine whether an offense has been committed."

The rule at issue prohibits a licensee from allowing a person who is under twenty-one years of age to consume alcoholic liquor, or to possess such liquor for personal consumption, while on licensed premises. This rule does not involve First Amendment freedoms. Thus, the rule's constitutionality must be determined in light of the facts in the case, *Howell, supra,* p 21, and not in light of hypothetical situations of innocent conduct which could be chargeable, see *People v Gunnett,* 158 Mich App 420, 426-427; 404 NW2d 627 (1987).

We agree with the commission that Rule 9(1), when examined in light of the facts in this case, is not unconstitutionally vague. It clearly provides fair notice to a licensee not to allow a person who is under twenty-one years of age to consume alcoholic liquor while on the licensed premises. Since Sheri Lynn Davis was on petitioner's licensed premises when she consumed beer, and since petitioner is presumed to be in control of its licensed premises, *Neumann, supra,* p 103, it follows that petitioner allowed Davis to consume alcoholic liquor while on the licensed premises. Moreover, although, under other circumstances, it might be more plausibly argued that the rule confers unstructured and unlimited discretion to determine whether an offense has been committed, in this case no such unstructured or unlimited discretion was involved. The investigator for the commission, Jennifer Hare, testified that she, for approximately ten to fifteen minutes, watched Davis, in plain view, consume beer from her own glass while inside petitioner's bowling alley. Although the rule leaves some uncertainty concerning what action a licensee must perform to prevent underage drinking, it is certain that a licensee violates the rule

when, as in this case, the underage drinking results from the licensee's own failure to inquire about the age of an underage patron who was openly consuming alcohol on the licensed property.

The order of the circuit court is reversed and the order of the commission is reinstated.