REUSSER v LIQUOR CONTROL COMMISSION

Docket No. 136879. Submitted January 6, 1993, at Lansing. Decided June 7, 1993, at 9:20 A.M.

Joseph Reusser, Sr., petitioned the Sanilac Circuit Court for review of a decision by the Liquor Control Commission to deny his application for a specially designated distributor license and a Sunday sales permit to augment a specially designated merchant license held for a business located less than five hundred feet from a church that filed an objection to the application. The commission's decision, which was issued after an appeal hearing, reaffirmed an earlier decision to deny the application. The court, Allen E. Keyes, J., affirmed. The petitioner appealed.

The Court of Appeals *held:*

1. Contrary to the petitioner's contention, the commission did not declare that it lacked authority to grant a rehearing. Rather, in granting an appeal hearing instead of a rehearing, the commission exercised its statutory discretion to grant or deny a rehearing.

2. Pursuant to MCL 436.17a; MSA 18.988(1), a new application for a license to sell alcoholic beverages at retail must be denied where the contemplated location is within five hundred feet of a church or a school building. 1979 AC, R 436.1963 provides that the commission must waive the provisions of MCL 436.17a; MSA 18.988(1) where the license applicant shows by competent, material, and substantial evidence that waiver would not adversely affect the operation of the church or school. In this case, the commission did not err in determining that the petitioner had failed to make such a showing.

Affirmed.

WAHLS, J., dissenting, stated that the potential problems identified by the church in objecting to the license application were speculative or would not adversely affect the operation of the church.

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 140-142.
See ALR Index under Intoxicating Liquors.

INTOXICATING LIQUORS — LIQUOR LICENSES — RETAIL SALES — PROX-
IMITY TO CHURCHES OR SCHOOLS.

> A new application for a license to sell alcoholic beverages at
> retail must be denied by the Liquor Control Commission where
> the contemplated location is within five hundred feet of a
> church or a school building, unless the applicant shows by
> competent, material, and substantial evidence that the opera-
> tion of the church or school would not be adversely affected
> (MCL 436.17a; MSA 19.988[1]; 1979 AC, R 436.1963).

*Norman C. Farhat & Associates, P.C.* (by *Lester
A. Owczarski*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Arthur E. D'Hondt* and
*Thomas J. Giachino,* Assistant Attorneys General,
for the respondent.

Before: MURPHY, P.J., and MICHAEL J. KELLY
and WAHLS, JJ.

MICHAEL J. KELLY, J. Petitioner appeals as of
right the trial court's order affirming a denial by
the Michigan Liquor Control Commission of his
application for a specially designated distributor
(SDD) license and a Sunday sales permit pursuant
to MCL 436.17a; MSA 18.988(1). We affirm.

On November 18, 1988, petitioner applied for an
SDD license and a Sunday sales permit for his
market, which already had a beer and wine spe-
cially designated merchant (SDM) license. Petition-
er's business was located 287 feet from the Bethel
Missionary Church. The church requested that the
license application be denied. A hearing was held
regarding the church's objections. On July 25,
1989, the commission issued an order denying
petitioner's request for the SDD license. The com-
mission set forth the following reasons for its
decision:

The practical concerns of the church obviously center on the unauthorized use of church property by those patronizing or otherwise having business at the applicant's establishment. It is apparent from photographs and diagrams submitted to the Commission that the business establishment and church building are in close proximity to one another, that there are no intervening roads or alleys between the structures, that the properties for each immediately adjoin one another, and that the church parking lot is extremely close to the rear of the applicant's business. Given this physical situation, it appears to the Commission that the concerns expressed by the church are reasonable and that the applicant provided little information or reason to conclude that these concerns are unfounded or unrealistic.

The commission concluded that petitioner had not demonstrated that the issuance of the license would not adversely affect the church.

On March 1, 1990, the commission held an appeal hearing. Subsequently, the commission issued an order affirming its denial of petitioner's license request. The commission found that no competent, material, and substantial evidence was adduced to lead to the determination that issuance of the SDD license would not adversely affect the operation of the church. The commission further found that the church's concerns were reasonable and that petitioner did not provide sufficient evidence to prove the concerns were unfounded.

Thereafter, petitioner appealed to the Sanilac Circuit Court. The circuit court, holding that the commission's decision was supported by competent, material, and substantial evidence, affirmed the denial of the license request. Petitioner now appeals as of right.

First, we reject petitioner's claim that the commission erred in declaring that it had no authority

to conduct a rehearing in this matter. A review of the record reveals that the commission never made such a declaration. The commission notified petitioner that it would grant him an appeal, but not a rehearing. The commission did not indicate that it was without authority to grant a rehearing. In granting petitioner an appeal, it simply denied his request for a rehearing. From the record, it appears that the commission properly utilized its discretion in denying petitioner's request for a rehearing under MCL 24.287(1); MSA 3.560(187)(1).

Next, petitioner challenges the commission's decision to deny him an SDD license. Our review of the commission's decision is limited in scope. *Town & Country Lanes, Inc v Liquor Control Comm,* 179 Mich App 649, 655; 446 NW2d 335 (1989). Factual findings of the commission are conclusive if supported by competent, material, and substantial evidence on the record as a whole. *Amalgamated Transit Union v Southeastern Mich Trans Authority,* 437 Mich 441, 450; 473 NW2d 249 (1991).

MCL 436.17a; MSA 18.988(1) provides in pertinent part:

(1) A new application for a license to sell alcoholic beverages at retail . . . shall be denied in the event the contemplated location is within 500 feet of a church or a school building.

* * *

(4) The commission may waive this section in the case of other classes of licenses. If an objection is not filed by the church or school, the commission may issue the license pursuant to this act. If an objection is filed, the commission shall hold a hearing pursuant to rules established by the commission before making a decision on the issuance of the license.

The commission promulgated 1979 AC, R 436.1963, which provides:

The commission shall waive the provisions of section 17a of the act where the applicant shows by competent, material and substantial evidence that a waiver of section 17a would not adversely affect the operation of the church or school.

The commission concluded that petitioner had not shown by competent, material, and substantial evidence that issuance of the SDD license would not adversely affect the operation of the church and found that the concerns expressed by the church were reasonable. Our review of the record reveals that the commission's decision to deny petitioner's license request was supported by competent, material, and substantial evidence. The rejection of the license request was not arbitrary and capricious and was proper under the circumstances. Although it is obvious that the church's predisposition against alcohol use is not limited to its own membership, we are not in a position to weigh the subjectivity or objectivity of that perception. Even if the commission denied issuance absent a record showing concrete, objective, and adverse impingement on the operation of the church, that would not necessarily equate to the absence of competent, material, and substantial evidence.

Lastly, we reject petitioner's claim that MCL 436.17a; MSA 18.988(1) is unconstitutional because it violates the First Amendment's establishment clause. *Wiles v Liquor Control Comm,* 59 Mich App 321; 229 NW2d 434 (1975).

Affirmed.

MURPHY, P.J., concurred.

WAHLS, J. *(dissenting).* I respectfully dissent. According to the 1979 AC, R 436.1963:

The commission *shall* waive the provisions of

section 17a of the act where the applicant shows
by competent, material and substantial evidence
that a waiver of section 17a *would not adversely
affect the operation of the church or school.* [Emphasis added.]

My review of the record shows that the commission's decision was not supported by the evidence.
The "problems" identified by the objecting church
were either speculative or would not "adversely
affect the operation of the church." Although not
relevant to the determination of petitioner's application, I would note that the church's objections
were motivated by the church's biblical opposition
to the consumption of alcohol, and the opposition
apparently extends to the public at large, not
merely church members. While the convictions of
the church's members may be commendable, I do
not believe that they should also operate to deny
petitioner an opportunity to further his livelihood.
I would reverse.